IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BLAKE ROGERS, et al., | ) | CIVIL ACTION NO. 1:20-CV-02568 |
| | ) | |
| Plaintiffs, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | **MOTION FOR LEAVE TO FILE A** |
| | ) | **SECOND AMENDED AND** |
| MARTIN HORWITZ, et al., | ) | **SUPPLEMENTAL COMPLAINT** |
| | ) | |
| Defendants. | ) | |

Plaintiffs Blake and Jacalyn Rogers, through undersigned counsel, respectfully request leave from the Court to file a Second Amended and Supplemental Complaint, against all named Defendants, in accordance with Fed. R. Civ. P. 15(d). A copy of the Proposed Second Amended and Supplemental Complaint is attached and incorporated hereto as Exhibit A, and all changes and additions are indicated in red per the Court's standing order. Further, the Plaintiffs respectfully request that the Proposed Second Amended and Supplemental Complaint be deemed filed as of April 2, 2021, the date of this motion for leave. Granting the Plaintiffs' motion will promote judicial economy and efficiency, as the Plaintiffs will not be required to assert this retaliation claim in a new, separate complaint in state court.

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "In general, the reference to a recent 'transaction, occurrence, or event' in Rule 15(d) means some type of factual change that could not have been contemplated or anticipated at the

1

time the initial pleading was served." *Oatly AB v. D's Nats. LLC*, No. 1:17-CV-840, 2020 WL 2912105, at *5 (S.D. Ohio June 3, 2020), *aff'd*, No. 1:17-CV-840, 2020 WL 5310272 (S.D. Ohio Sept. 4, 2020). Here, the Plaintiffs have experienced such a new "transaction, occurrence, or event," namely the February 22, 2021 retaliatory termination of Blake Rogers' employment from the Beachwood Police Department, effectuated by Defendants Martin Horwitz and City of Beachwood, because Rogers has brought this lawsuit against them. This retaliatory termination occurred after the Plaintiffs filed their First Amended Complaint on December 29, 2020. (Doc #: 12.) Thus, the Plaintiffs are seeking leave to: (1) assert these new facts; and (2) bring a claim of retaliation against Defendants Horwitz and Beachwood.

The facts and circumstances of this new claim for retaliatory termination are as follows:

**COUNT 21**
**Retaliatory Discharge in Violation of R.C. § 4112.02(J),**
**Against Defendants Martin Horwitz and City of Beachwood.**

343. All of the foregoing paragraphs are incorporated as though fully set forth here.

344. Plaintiffs Blake and Jacalyn Rogers engaged in protected activity when they filed a lawsuit challenging and opposing statutorily prohibited discrimination on October 12, 2020, in the Cuyahoga County Court of Common Pleas. (Doc #: 1-1, PageID #: 4–46.)

345. This state-court complaint alleged, in part, that the Defendants engaged in the following acts of statutorily prohibited discrimination: (1) retaliating against Plaintiff Rogers for having requested and made use of medical leave under the FMLA; (2) discriminating against Plaintiff Rogers on the basis of race in violation of R.C. § 4112.02(A); (3) discriminating against Plaintiff Rogers on the basis of an actual or perceived disability in violation of R.C. § 4112.02(A) and the Americans with Disabilities Act; and (4)

2

interfering with Plaintiff Rogers' liberty interests in obtaining employment in violation of the Fourteenth Amendment to the Constitution.

346. Filing a lawsuit challenging statutorily prohibited discrimination is protected activity.

347. On November 16, 2020, the Defendants removed the Plaintiffs' civil action to federal court, thus establishing their knowledge of the Plaintiffs' protected activity. (Doc #: 1, PageID #: 1–3.)

348. There is a causal connection between the Plaintiffs' civil action and Plaintiff Rogers' termination because the conduct Defendants Horwitz and Beachwood alleged Plaintiff Rogers engaged in was not adequate grounds for termination.

349. Plaintiff Rogers received a "no bill" from a Cuyahoga County Grand Jury on October 9, 2019, in connection with the criminal allegations set against him resulting from the June 27, 2019 incident.

350. Further, Jaquan Jones entered a guilty plea to an attempted assault charge for having ran Plaintiff Rogers over with a stolen car during the June 27, 2019 incident.

351. The combination of those two factors indicates that Plaintiff Rogers' use of force during the June 27, 2019 incident was reasonable and justified.

352. Defendants Horwitz and Beachwood alleged at the February 18, 2021 administrative proceeding, and again in the February 22, 2021 termination letter, that Plaintiff Rogers was "not entirely honest and forthcoming about" the June 27, 2019 incident; however, Defendants Horwitz and Beachwood do not explain this position, and offered no explanation or evidence indicating how or why this allegation against Plaintiff Rogers was valid.

353. Defendants Horwitz and Beachwood did not explain the reasoning behind why Plaintiff Rogers was terminated because they cannot legitimately do so.

354. Defendants Horwitz and Beachwood had no legitimate basis to terminate Plaintiff Rogers' employment and used this illegitimate *Loudermill* pre-disciplinary hearing, and subsequent actual

3

>
> termination, as pretext to retaliate against Plaintiff Rogers for having filed a civil action against them.
>
> 355. As a direct and proximate result of the foregoing, Plaintiff Rogers has suffered and will continue to suffer economic and noneconomic damages in excess of $75,000.

Accordingly, based on this new information and legal claim, the Plaintiffs respectfully request leave from the Court to file a Second Amended and Supplemental Complaint.

In terms of standards of review for the Court, "the Sixth Circuit has indicated that the standard of review for supplementation under 15(d) is identical to the standard for amendment under Rule 15(a)[.]" *Oatly AB*, 2020 WL 2912105, at *5 (citing *Spies v. Voinovich*, 48 Fed. Appx. 520, 527 (6th Cir. 2002)). Thus, the only principal difference between analysis under Rule 15(a) and 15(d) is whether the party seeking leave of the Court is attempting to introduce newly discovered facts relating to an already pending claim (for Rule 15(a)), or new facts and circumstances that developed after the party's original claims had been filed (as is required under Rule 15(d)). Because the Plaintiffs are most certainly asserting "some type of factual change that could not have been contemplated or anticipated at the time the initial pleading was served," *Id.*, the Court's analysis shifts to the topics of delay and prejudice.

Generally, delay and prejudice are matters to be addressed in considering whether to grant motions for supplemental pleadings, and such motions are to be freely granted when doing so: (1) will promote the economic and speedy disposition of the entire controversy between the parties; (2) will not cause undue delay or trial inconvenience; and (3) will not prejudice the rights of any of the other parties to the action. See *Hall v. C.I.A.*, 437 F.3d 94, 100 (D.C.C. 2006); *Foman v. Davis*, 371 U.S. 178, 182 (stating that a court

4

should deny leave to amend or to serve a supplemental pleading only upon "undue delay, bad faith or dilatory motive on the part of the [moving party], * * * undue prejudice to the [nonmoving party,] * * * [or] futility.")

Here, because this case is still in its infancy, granting the Plaintiffs' motion for leave to assert this new retaliation claim will indeed promote a full and complete resolution of all of the Plaintiffs' claims against the Defendants, which further serves the dual interests of judicial efficiency and comity. Additionally, because the Parties have yet to engage in formal discovery, and because there is not a set schedule yet for dispositive motions or trial, there is no risk that granting the Plaintiffs' motion for leave will hinder this lawsuit and introduce unnecessary delay. The combination of these two factors means that the Defendants will not experience prejudice should the Court grant the Plaintiffs' motion for leave, as there is no risk that the Defendants will incur unnecessary expenses to conduct discovery (as the Parties have yet to engage in discovery) or to prepare for trial (as no trial date has been established yet).

Further, other federal courts have granted similar motions to amend or supplement when the case itself was much further developed. For example, in *Cummings-Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 297 (E.D.N.Y. 2012), the court was presented with the issue of whether to grant the plaintiff's motion for leave to plead a new cause of action—Title VII retaliation—even though the discovery period was nearing its end and the dispositive motion deadline was fast approaching. Finding that granting the plaintiff's motion was appropriate, the *Cummings-Fowler* court wrote as follows:

> Here, when the Plaintiff moved to amend the complaint, only written discovery had taken place. As a result, the Defendant was on notice of this

5

new claim at the time depositions were taken. Therefore, in the absence of any claim by the Defendant to the contrary, it appears to the Court that permitting the Plaintiff to supplement her pleading should not require a substantial amount of additional discovery. Furthermore, although the Defendant has requested a pre-motion conference in advance of filing a motion for summary judgment, neither a summary judgment briefing schedule nor a trial date have been set. Although it may delay the ultimate resolution of this action to permit the Plaintiff to amend the complaint at this juncture, the Defendant has failed to show how it might be prejudiced by the proposed amendment.

*Id.*

Because the Plaintiffs' case is in its infancy, no undue delay, inordinate expense, bad faith, or other prejudicial conduct will occur should the Court grant this motion for leave to supplement under Rule 15(d). Further, granting the Plaintiffs' motion will promote judicial economy and efficiency, as the Plaintiffs will not be required to assert this retaliation claim in a new, separate complaint in state court. And because the federal judiciary prefers to decide all issues between the parties in the manner most calculated to ensure the full and complete resolution of all outstanding matters, the Court should thus grant the Plaintiffs' motion for leave to file a Second Amended and Supplemental Complaint under Rule 15(d).

          Respectfully submitted,

          /s/ Kevin M. Gross
          Lewis A. Zipkin, Esq. (0030688)
          Kevin M. Gross, Esq. (0097343)
          ZIPKIN WHITING CO., L.P.A.
          The Zipkin Whiting Building
          3637 South Green Road
          Beachwood, Ohio 44122
          Phone: 216-514-6400
          Fax: 216-514-6406
          Email: zfwlpa@aol.com
                kgross@zipkinwhiting.com

*Counsel for Plaintiffs Blake and Jacalyn Rogers*

## **CERTIFICATE OF SERVICE**

A true and correct copy of the Motion for Leave to File a Second Amended and Supplemental Complaint has been served on April 2, 2021, upon:

John T. McLandrich, Esq.
Terence L. Williams, Esq.
MAZANEC, RASKIN & RYDER CO., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
Phone: (440) 248-7906
Fax: (440) 248-8861
Email: jmclandrich@mrrlaw.com
         twilliams@mrrlaw.com

/s/ Kevin M. Gross
Lewis A. Zipkin, Esq. (0030688)
Kevin M. Gross, Esq. (0097343)

*Counsel for Plaintiffs Blake and Jacalyn Rogers*

8