IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BLAKE ROGERS, et al., | ) | CIVIL ACTION NO. 1:20-CV-02568 |
| | ) | |
| Plaintiffs, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | **REPLY SUPPORTING PLAINTIFFS'** |
| | ) | **MOTION FOR LEAVE TO FILE A** |
| MARTIN HORWITZ, et al., | ) | **SECOND AMENDED AND** |
| | ) | **SUPPLEMENTAL COMPLAINT** |
| Defendants. | ) | |

For several decades now, the United States Supreme Court has mandated that "an agreement to arbitrate statutory antidiscrimination claims [must] be 'explicitly stated' in the collective-bargaining agreement." *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 258 (2009) (Thomas, J.) (quoting *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 80 (1998)). Because the collective bargaining agreement presently at issue does not in any way state that claims under R.C. 4112.02 are subject to arbitration, the Defendants' opposition is thus without merit and must not be given any weight by the Court.

Writing for a unanimous Supreme Court, Justice Scalia emphasized that any waiver to litigate statutory claims found in a collective bargaining agreement "must be clear and unmistakable":

> Not only is petitioner's statutory claim not subject to a presumption of arbitrability; we think any CBA requirement to arbitrate [a statutory claim] must be particularly clear. In *Metropolitan Edison Co. v. NLRB*, 460 U.S. 693 (1983), we stated that a union could waive its officers' statutory right * * * to be free of antiunion discrimination, but we held that such a waiver must be clear and unmistakable. "[W]e will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated.' More succinctly, the waiver must be clear and unmistakable." 460 U.S. at 708.

1

*Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 79–80 (1998) (finding additional support for this position in *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409 (1988); *Mastro Plastics Corp. v. NLRB*, 350 U.S. 270, 283 (1956)).

The Sixth Circuit and its district courts have fully embraced this pronouncement from the Supreme Court, consistently holding that statutory claims, unless explicitly included within the scope of a mandatory arbitration agreement, are separate and distinct from the contract-based issues ordinarily subject to arbitration under a collective bargaining agreement:

> *Wright* thus announced that "workers' statutory claims for employment discrimination are 'not subject to a presumption of arbitrability.'" *Bratten v. SSI Servs., Inc.*, 185 F.3d 625, 631 (6th Cir. 1999) (quoting *Wright*, 525 U.S. at 79).
>
> Sixth Circuit case law shows that the "clear and unmistakable" standard is not easily met. In *Bratten*, the court noted that "post-*Wright* courts appear to be in agreement that a statute must specifically be mentioned in a CBA for it to even approach *Wright*'s 'clear and unmistakable' standard." 185 F.3d at 631 (collecting cases). Because the CBA at issue in *Bratten* "[a]t best…obligate[d] defendants to refrain from disability discrimination…only within the context of Title VII," the employer could not compel arbitration of discrimination claims brought under the ADA. *Id.*

*Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 866–67 (N.D. Ohio 2013) (Lioi, J.).

Further, in *Kennedy v. Superior Printing Co.*, 215 F.3d 650, 654 (6th Cir. 2000), the Sixth Circuit held that "[t]here can be no dispute" that an agreement containing a "general antidiscrimination provision" and defining a "grievance" as "any controversy or dispute arising from the interpretation and/or application of the terms and work

2

conditions under this labor agreement" did not compel employees to arbitrate federal statutory anti-discrimination claims.

Here, the collective bargaining agreement advanced by the Defendants contains language almost identical to that found in *Kennedy*, defining the term "grievance" as "a dispute or difference between the City and the F.O.P, or between the City and an employee other than probationary employees, concerning the interpretation and/or application of any provision of this Agreement and any disciplinary actions." (ECF No. 25-1, Page ID # 447.) Likewise, the collective bargaining agreement's "Non-Discrimination" policy speaks in generalities only, making no mention of any state or federal antidiscrimination laws with the requisite level of specificity as required by the Supreme Court. (*Id.* at 446–47.)

Ultimately, the Defendants failed to address any of this controlling law in their brief in opposition because it unequivocally contradicts their position and cannot be controverted by the facts of this lawsuit. Further, the two unreported cases from the Ohio Court of Claims which the Defendants chose to base their arguments on actually address and acknowledge these arguments, and in fact provide support *in favor of* granting the Plaintiffs' motion for leave. See *Lowe v. Ohio Dep't of Admin. Servs.*, No. 2002-04143, 2004 WL 1191956, at *2 (Ohio Ct. Claims May 21, 2004) (citing *Gudin v. Western Reserve Psychiatric Hosp.*, No. 00AP-912, 2001 WL 664389 (Ohio Ct. App. 10th Dist. Jun. 14, 2001)).

The Plaintiffs' position has additional support at the state level from the Eighth District Court of Appeals. In *Minnick v. Middleburg Hts.*, No. 81728, 2003 WL 22215612 (Ohio Ct. App. Sept. 25, 2003), Judge Timothy McMonagle addressed a factually similar

issue involving a female police officer raising a gender-based retaliatory discharge claim against her former employer after she was terminated following a disciplinary procedure outlined in a collective bargaining agreement. Finding that the female officer could bring her statutory claims in court, and that her claims were not subject to arbitration under the collective bargaining agreement, Judge McMonagle wrote that "[t]he issue presented by Minnick's grievance—whether the City had just cause to discipline her—is a contract-based claim. Minnick's statutory claims are distinct from any right conferred by the collective bargaining agreement, however, and, therefore, are independent of the arbitration process." *Minnick*, 2003 WL 22215612, at *5.

And *Haynes v. Ohio Tpk. Comm.*, 177 Ohio App.3d 1 (8th Dist. 2008), Judge Frank Celebrezze Jr. summarized the issue as follows:

> Contractual collective-bargaining rights are distinct from statutory rights. Here, Haynes filed suit in common pleas court for alleged age discrimination under R.C. 4112.02(A). Haynes's statutory rights are different from any contractual rights he may have under his collective-bargaining agreement. Therefore, while Haynes's contractual rights are subject solely to the collective-bargaining agreement, his statutory rights are not. Further, "[a]ny agreement in a collective bargaining agreement to arbitrate a statutory claim * * * must be 'clear and unmistakable.' *Wright v. Universal Maritime [Serv.] Corp.* (1998), 525 U.S. 70, 82. Absent a clear waiver, it is not appropriate to find an agreement to arbitrate." *Minnick*, 2003-Ohio-5068, 2003 WL 22215612, at ¶ 23. Here, the collective-bargaining agreement, while mentioning that the employer may not discriminate based on age, does not contain a clear and unmistakable agreement to arbitrate statutory claims.

*Id.* at 5–6.

In sum, the Defendants' brief in opposition represents a hollow, half-hearted effort that has no basis in law, in fact, or in reality, and the Court should not give it any credence. The Plaintiffs once again respectfully request that the Court grant their motion for leave

4

to file their Proposed Second Amended and Supplemental Complaint in accordance with Fed. R. Civ. P. 15(d).

                        Respectfully submitted,

                        /s/ Kevin M. Gross
                        Lewis A. Zipkin, Esq. (0030688)
                        Kevin M. Gross, Esq. (0097343)
                        ZIPKIN WHITING CO., L.P.A.
                        3637 South Green Road
                        Beachwood, Ohio 44122
                        Phone: 216-514-6400
                        Fax: 216-514-6406
                        Email: zfwlpa@aol.com
                                  kgross@zipkinwhiting.com

                        *Counsel for Plaintiffs Blake and Jacalyn Rogers*

**CERTIFICATE OF SERVICE**

A true and correct copy of the Reply Supporting Plaintiffs' Motion for Leave to File a Second Amended and Supplemental Complaint has been served on April 22, 2021, upon:

John T. McLandrich, Esq.
Terence L. Williams, Esq.
MAZANEC, RASKIN & RYDER CO., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
Phone: (440) 248-7906
Fax: (440) 248-8861
Email: jmclandrich@mrrlaw.com
       twilliams@mrrlaw.com

                          /s/ Kevin M. Gross
                          Lewis A. Zipkin, Esq. (0030688)
                          Kevin M. Gross, Esq. (0097343)

                          *Counsel for Plaintiffs Blake and Jacalyn Rogers*