

OFFICE OF THE MAYOR
MARTIN S. HORWITZ, MAYOR
PHONE (216) 292-1901
FAX (216) 292-1984

By email only califf@fopohio.org
Officer Blake Rogers
c/o Chuck Aliff
FOP/OLCI Staff Representative
2721 Manchester Road
Akron, Ohio 44319



February 22, 2021

## DISCIPLINARY LETTER (TERMINATION)

Dear Officer Rogers:

    This letter is to advise you of the result of the administrative pre-disciplinary hearing held on February 18, 2021. The hearing was held to provide you with an opportunity to respond to allegations that you (1) failed to properly perform your duties as it relates to the officer involved shooting on June 27, 2019, and (2) were not entirely honest and forthcoming about the shooting. Specifically, the City questioned your use of deadly force against the shoplifter of a $60 hat with bystanders (including children) in close proximity.

    You were charged with the following rule violations:

    Violating City of Beachwood Police Department Use of Force Policy 06-01, .10 Section F- "While various levels of force exist, each officer is expected to respond with that level and duration of force that reasonably appears appropriate under the circumstances at the time to successfully accomplish the legitimate law enforcement purpose in accordance with this policy."

    Violating City of Beachwood Police Department Use of Force Policy 06-01, .20 Section A- "An officer may employ deadly force only in those situations where the officer objectively and reasonably believes there is an imminent threat of death or serious physical injury to the officer or to any person, based on the totality of the circumstances known to the officer at the time."

    Violating City of Beachwood Police Department Use of Force Policy 06-01, .20 Section B- "In case of a fleeing suspect, the officer must have probable cause to believe the suspect, if not apprehended, poses a threat of serious physical harm to the officer or others, and that the suspect must be stopped through the use of deadly force." "The reasoning articulated by the officer must include: The officer had probable cause to believe the suspect committed a crime of violence or threatened violence; and the suspect was armed, or presented an extreme danger to present arresting officers, future arresting officers, or to the public should arrest be delayed; and a warning is given prior to the use of deadly force, if feasible."

Violating City of Beachwood Police Department Use of Force Policy 06-01, .20 Section D- "Firing a weapon into a moving vehicle is limited to certain extreme situations such as in defense of self or others. Given that any officer's likelihood of successfully preventing the escape of a subject in any motor vehicle is very low, an officer choosing to fire at a fleeing vehicle must be fully prepared to justify this extreme action."

Violating City of Beachwood Police Department Standards of Conduct, #6, # 11, #17:

#6-Committing Unsafe Acts or Endangering Self or Others

"Members shall not unlawfully commit acts or behave in such a manner that has the potential for endangering or injuring themselves, property or another person."

"Examples of Violations…E. Handling, aiming, firing, unloading or loading a weapon contrary to established policies or procedures."

#11 Dishonesty or Untruthfulness

"Members shall not lie, give misleading information, or falsify written or verbal communication in official reports or in their actions with another person or organization when it is reasonable to expect that such information may be relied upon because of the member's position or affiliation with this organization."

#17 Knowing, Observing and Obeying All Directives, Rules, Policies, Procedures

"Members shall make an affirmative, consistent effort to observe and comply with the directives, rules, policies, procedures, practices and traditions established for the effective, efficient and safe operations of this organization. This standard applies to policies, procedures and practices that are written as well as those established by past patterns or practices. Affirmative effort as the term is used here means to self-initiate acceptable ways to comply. In other words, look for ways to comply with the standard and do not look for the exceptions to the standard."

Violating City of Beachwood Police Department Code of Ethics Policy 01-05, by failing to exercise restraint in the use of your powers and authorities; failing to be fully truthful and honest in your dealings with others; failing to deplore lies and half-truths that mislead or do not fully inform those who must depend on your honesty; failing to seek affirmative ways to comply with the standards of the department and the lawful direction of your supervisors; and failing to affirmatively seek ways to avoid conflicts and potential conflicts of interest that could compromise your official authority or public image.

In attendance at the February 18th pre-disciplinary hearing were you, FOP/OLCI Staff Representative Chuck Aliff, Beachwood Police Officer and FOP Lodge 086 President Maxwell Zugay, Mayor Martin Horwitz, Police Chief Kelly Stillman, who presided, Law Director Diane Calta, and Attorney Barry Freeman.

During the hearing:

- You and your FOP Representative confirmed your receipt of the Notice of Charges.

- Chief Stillman confirmed the City did not engage in any independent investigation of the June 27, 2019 officer involved shooting. Rather, the City relied on the materials contained in the Ohio Bureau of Criminal Investigation (BCI) files.

- Although the City did not engage in any independent investigation of the June 27, 2019 officer involved shooting, Chief Stillman confirmed the City reviewed its policies referred to in the Notice of Charges and Officer Rogers' pre-incident files (prehire training file, personnel file, PEWS file, reprimand file.)

- The City declined to provide Chief Stillman's memo (or the information in his memo) per the investigatory work product privilege. Specifically, Chief Stillman's memo contains his deliberative, subjective analysis of materials provided: The BCI files, referenced City policies and Officer Rogers' pre-incident files. You are entitled to the charges and the evidentiary materials relevant to the charges. You are not entitled to Chief Stillman's thoughts and analysis.

- You were notified that all discipline was on the table – from reprimand to termination – depending upon what information you might present.

- When offered the floor, you did not present any new evidence or information. Instead, on your behalf, Mr. Aliff made the following arguments: (a) The suspect drove at you with his car; (b) the suspect ran over your foot; (c) the suspect pled guilty to attempted felonious assault; (d) you acted in self-defense; (e) no criminal charges were brought against you; (f) no charges were recommended against you; (g) there is no evidence you acted dishonestly or duplicitously; and (h) in sum, you are not guilty of the charges and did nothing wrong.

### FINDINGS AND CONCLUSIONS

Upon carefully reviewing the evidence, your arguments, and the recommendation of Chief Stillman, the City finds you guilty of all charges. The City finds the charges warrant (and constitute just cause for) termination. The evidence does not support your arguments. Instead, the evidence demonstrates you (1) failed to properly perform your duties as it relates to the officer involved shooting on June 27, 2019 and (2) were not entirely honest and forthcoming about the shooting. Your use of deadly force against the shoplifter of a $60 hat with bystanders (including children) in close proximity violated City policies. Your arguments are contradicted by the video evidence and third-party witnesses.

Your employment as a City of Beachwood Police Officer is terminated immediately. As there is a current legal action filed by you against the City of Beachwood, there will be no further comments or interviews on behalf of the City.

_____  2/22/2021
Martin S. Horwitz               Date
Mayor/Safety Director