UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BLAKE ROGERS, et al., | ) | CASE NO.:  1:20-CV-2568 |
| | ) | |
| Plaintiffs, | ) | JUDGE:  J. PHILIP CALABRESE |
| | ) | |
| vs. | ) | **DEFENDANTS' ANSWER TO** |
| | ) | **PLAINTIFFS' SECOND AMENDED** |
| MARTIN HORWITZ, et al., | ) | **COMPLAINT** |
| | ) | |
| Defendants. | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |

Now come Defendants, Martin Horwitz, Gary Haba, Diane Calta, Nathalie Supler, James Pasch and the City of Beachwood, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for their answer to Plaintiffs' Second Amended Complaint state as follows:

1.      Defendants incorporate by reference any admissions, denials, averments and attachments from Defendants Answer to Plaintiff's Second Amended Complaint.

2.      Answering Paragraph 1 of Plaintiffs' Second Amended Complaint, Defendants admit Blake Rogers is employed as a police officer for the City of Beachwood and has been so employed since June 17, 2013.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

3.      Answering Paragraph 2 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

4.      Answering Paragraph 3 of Plaintiffs' Second Amended Complaint, Defendants admit their official acts were under color or law.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

5.      Answering Paragraph 4 of Plaintiffs' Second Amended Complaint, Defendants admit Mayor Horwitz is an attorney licensed to practice law in the State of Ohio and serves as the Mayor and Safety Director of the City of Beachwood.   Further answering said Paragraph, Defendants admit Mayor Horwitz' actions as Mayor and Safety Director were within the course and scope of his employment.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

6.      Answering Paragraph 5 of Plaintiffs' Second Amended Complaint, Defendants admit Gary Haba was the Chief of Police for the City of Beachwood and retired in July of 2020. Further answering said Paragraph, Defendants admit Chief Haba's official actions were within the course and scope of his employment.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

7.      Answering Paragraph 6 of Plaintiffs' Second Amended Complaint, Defendants admit Diane Calta is the Law Director for the City of Beachwood and is an attorney licensed to practice law in the State of Ohio and that her official actions were within the course and scope of her employment.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

8.      Answering Paragraph 7 of Plaintiffs' Second Amended Complaint, Defendants admit Natalie Supler is the Assistant Law Director for the City of Beachwood and is an attorney licensed to practice law in the State of Ohio.  Further answering said Paragraph, Defendants admit Natalie Supler's official actions were within the course and scope of her employment.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

9.      Answering Paragraph 8 of Plaintiffs' Second Amended Complaint, Defendants admit James Pasch is President of Beachwood City Council and is an attorney licensed to practice

law in the State of Ohio.  Further answering said Paragraph, Defendants admit Mr. Pasch's official actions were within the course and scope of his employment.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

10.    Answering Paragraph 9 of Plaintiffs' Second Amended Complaint, Defendants admit the City of Beachwood is a political subdivision of the State of Ohio.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

11.    Answering Paragraph 10 of Plaintiffs' Second Amended Complaint, Defendants admit this Honorable Court has jurisdiction over Plaintiffs' federal claims and has discretion to exercise jurisdiction over Plaintiffs' supplemental state law claims.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

12.    Answering Paragraph 11 of Plaintiffs' Second Amended Complaint, Defendants admit venue is proper in this Court.

13.    Answering Paragraph 12 of Plaintiffs' Second Amended Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 12 of their answer as if fully rewritten herein.

14.    Answering Paragraph 13 of Plaintiffs' Second Amended Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 13 of their answer as if fully rewritten herein.

15.    Answering Paragraph 14 of Plaintiffs' Second Amended Complaint, Defendants admit Plaintiff Rogers was sworn in on June 17, 2013 by former Chief Mark Sechrist.  Further answering said Paragraph, Defendants aver the remaining allegations of said paragraph are rhetorical and do not require an answer by these Answering Defendants.  To the extent an answer is required to the remainder of Paragraph 14 of Plaintiffs' Second Amended Complaint,

Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

16.     Answering Paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of Plaintiffs' Second Amended Complaint, Defendants aver said allegations are rhetorical and do not require an answer by these Answering Defendants.  To the extent an answer is required to said Paragraphs, Defendants aver Plaintiff's employment records speak for themselves and deny any violation of law.

17.     Answering Paragraph 28 of Plaintiffs' Second Amended Complaint, Defendants admit in 2016 Plaintiff Rogers advised Beachwood Police Department of his intent to use FMLA leave for the birth of his first child.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

18.     Answering Paragraph 29 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

19.     Answering Paragraph 30 of Plaintiffs' Second Amended Complaint, Defendants aver said paragraph is rhetorical and does not require an answer by these Answering Defendants. Further answering said Paragraph, Defendants aver the FMLA speaks for itself.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

20.     Answering Paragraph 31 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

21.     Answering Paragraphs 32, 33, 34, 35, 36, 37, 38, 39 and 40 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

22.     Answering Paragraph 41 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

23.     Answering Paragraphs 42, 43, 44 and 45 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

24.     Answering Paragraph 46 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

25.     Answering Paragraph 47 of Plaintiffs' Second Amended Complaint, Defendants admit Plaintiff Rogers applied for a night shift position.  Further answering said Paragraph, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

26.     Answering Paragraph 48 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

27.     Answering Paragraph 49 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

28.     Answering Paragraph 50 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

29.    Answering Paragraph 51 of Plaintiffs' Second Amended Complaint, Defendants aver the records speak for themselves.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

30.    Answering Paragraphs  52, 53, 54, 55, 56, 57, 58, 59, 60, 61 and 62 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

31.    Answering Paragraph 63 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

32.    Answering Paragraph 64 of Plaintiffs' Second Amended Complaint, Defendants admit Plaintiff Rogers received an assignment to the night shift.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

33.    Answering Paragraphs 65, 66 and 67 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

34.    Answering Paragraph 68 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

35.    Answering Paragraph 69 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

36.    Answering Paragraphs 70 and 71 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

37.    Answering Paragraph 72 of Plaintiffs' Second Amended Complaint, Defendants aver the records speak for themselves.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

6

38.     Answering Paragraph 73 of Plaintiffs' Second Amended Complaint, Defendants aver the records speak for themselves.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

39.     Answering Paragraph 74 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

40.     Answering Paragraph 75 of Plaintiffs' Second Amended Complaint, Defendants aver the records speak for themselves.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

41.     Answering Paragraph 76 of Plaintiffs' Second Amended Complaint, Defendants aver the records speak for themselves.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

42.     Answering Paragraph 77 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

43.     Answering Paragraph 78 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

44.     Answering Paragraphs 79, 80, 81, 82, 83, 84, 85 and 86 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

45.     Answering Paragraph 87 of Plaintiffs' Second Amended Complaint, Defendants aver the records speak for themselves and admit that two K-9 positions were created.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

46.    Answering Paragraph 88 of Plaintiffs' Second Amended Complaint, Defendants aver the records speak for themselves.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

47.    Answering Paragraph 89 of Plaintiffs' Second Amended Complaint, Defendants deny the characterization of the events contained therein and therefore deny Paragraph 89 of Plaintiffs' Second Amended Complaint.

48.    Answering Paragraph 90 of Plaintiffs' Second Amended Complaint, Defendants deny the characterization of the events contained therein and therefore deny Paragraph 90 of Plaintiffs' Second Amended Complaint.

49.    Answering Paragraphs 91, 92, 93 and 94 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

50.    Answering Paragraph 95 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

51.    Answering Paragraph 96 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

52.    Answering Paragraphs 97 and 98 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

53.    Answering Paragraphs 99 and 100 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

54.    Answering Paragraph 101 of Plaintiffs' Second Amended Complaint, Defendants admit Jones failed to comply with Plaintiff Rogers' orders and ran over Plaintiff Rogers' foot with the stolen vehicle he was driving.  Further answering said Paragraph, Defendants are without sufficient information or belief to form an opinion as to the truth of any remaining allegations contained therein and therefore deny the same.

55.    Answering Paragraph 102 of Plaintiffs' Second Amended Complaint, Defendants admit that Plaintiff Rogers shot Jones.  Further answering said Paragraph, Defendants aver the remaining allegations of Paragraph 102 are events subsequent to the shooting and unknown to Plaintiff Rogers at the time of the events.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

56.    Answering Paragraph 103 of Plaintiffs' Second Amended Complaint, Defendants admit Jones left the scene after being shot.  Further answering said Paragraph, Defendants are without sufficient information or belief to form an opinion as to the truth of any remaining allegations contained therein and therefore deny the same.

57.    Answering Paragraphs 104 and 105 of Plaintiffs' Second Amended Complaint, Defendants aver the events of said Paragraph are subsequent to the events and not relevant to the events at Beachwood Mall.  Further answering said Paragraphs, Defendants are without sufficient information or belief to form an opinion as to the truth of those allegations contained therein and therefore deny the same.

58.    Answering Paragraph 106 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

59.    Answering Paragraph 107 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

60.     Answering Paragraph 108 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

61.     Answering Paragraph 109 of Plaintiffs' Second Amended Complaint, Defendants admit Plaintiff Rogers' foot was run over.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

62.     Answering Paragraph 110 of Plaintiffs' Second Amended Complaint, Defendants aver the records speak for themselves.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

63.     Answering Paragraphs 111, 112, 113 and 114 of Plaintiffs' Second Amended Complaint, Defendants aver said records speak for themselves.  Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

64.     Answering Paragraph 115 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

65.     Answering Paragraph 116 of Plaintiffs' Second Amended Complaint, Defendants admit Plaintiff Rogers received permanent partial disability for PTSD as a result of the events occurring at Beachwood Mall.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

66.     Answering Paragraph 117 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

67.     Answering Paragraph 118 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

68.     Answering Paragraph 119 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

69.     Answering Paragraph 120 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

70.     Answering Paragraphs 121 and 122 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

71.     Answering Paragraph 123 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

72.     Answering Paragraph 124 of Plaintiffs' Second Amended Complaint, Defendants aver they do not interfere with the Worker's Compensation claims of any police officers and therefore deny the allegations of Paragraph 124 of Plaintiffs' Second Amended Complaint.

73.     Answering Paragraphs 125, 126 and 127 of Plaintiffs' Second Amended Complaint, Defendants aver said records speak for themselves.  Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

74.     Answering Paragraph 128 of Plaintiffs' Second Amended Complaint, Defendants deny Plaintiffs' characterization of the events contained therein and therefore deny Paragraph 128 of Plaintiffs' Second Amended Complaint.

75.     Answering Paragraph 129 of Plaintiffs' Second Amended Complaint, Defendants deny Plaintiffs' characterization of the events contained therein and therefore deny Paragraph 129 of Plaintiffs' Second Amended Complaint.

76.     Answering Paragraph 130 of Plaintiffs' Second Amended Complaint, Defendants deny Plaintiffs' characterization of the events contained therein and therefore deny Paragraph 130 of Plaintiffs' Second Amended Complaint.

77.     Answering Paragraph 131 of Plaintiffs' Second Amended Complaint, Defendants aver said paragraph is rhetorical and does not require an answer by these Answering Defendants. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

78.     Answering Paragraph 132 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

79.     Answering Paragraphs 133 and 134 of Plaintiffs' Second Amended Complaint, Defendants aver said records speak for themselves.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

80.     Answering Paragraph 135 of Plaintiffs' Second Amended Complaint, Defendants aver Mr. Pasch's comments speak for themselves.  Further answering said Paragraph, Defendants deny Plaintiffs' characterization of the events and therefore deny the same.

81.     Answering Paragraph 136 of Plaintiffs' Second Amended Complaint, Defendants aver Mr. Pasch's comments speak for themselves.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

82.     Answering Paragraph 137 of Plaintiffs' Second Amended Complaint, Defendants aver Mr. Pasch's comments speak for themselves.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

83.     Answering Paragraph 138 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

84.     Answering Paragraph 139 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

85.     Answering Paragraphs 140, 141, 142, 143, 144, 145 and 146 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.  Further answering said Paragraph 145, Defendants admit Plaintiff Rogers' shooting concerning Mr. Jones was presented to the Grand Jury.

86.     Answering Paragraph 147 of Plaintiffs' Second Amended Complaint, Defendants admit the Grand Jury returned a No Bill.  Further answering said Paragraph 146, Defendants deny any remaining allegations contained therein.

87.     Answering Paragraphs 148, 149 and 150 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

88.     Answering Paragraph 151 of Plaintiffs' Second Amended Complaint, Defendants admit the City of Beachwood is conducting its own internal review of Plaintiff Rogers' shooting of Mr. Jones.   Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

89.     Answering Paragraph 152 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

90.     Answering Paragraph 153 of Plaintiffs' Second Amended Complaint, Defendants aver the Collective Bargaining Agreement speaks for itself.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

91.     Answering Paragraph 154 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

13

92.     Answering Paragraph 155 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

93.     Answering Paragraph 156 of Plaintiffs' Second Amended Complaint, Defendants aver any statement by Mayor Horwitz speaks for itself.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

94.     Answering Paragraph 157 of Plaintiffs' Second Amended Complaint, Defendants admit Mayor Horwitz interviewed candidates for the Beachwood Police Department Chief of Police position in 2020.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

95.     Answering Paragraphs 158 and 159 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

96.     Answering Paragraph 160 of Plaintiffs' Second Amended Complaint, Defendants aver Chief Stillman's personnel file speaks for itself.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

97.     Answering Paragraph 161 of Plaintiffs' Second Amended Complaint, Defendants admit that Plaintiffs filed a lawsuit on October 12, 2020, in the Cuyahoga County Court of Common Pleas.  Further answering said Paragraph, Defendants aver the Second Amended Complaint filed that day speaks for itself.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

98.     Answering Paragraph 162 of Plaintiffs' Second Amended Complaint, Defendants aver Plaintiffs' Second Amended Complaint filed in Cuyahoga County Court of Common Pleas speaks for itself.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

99.     Answering Paragraph 163 of Plaintiffs' Second Amended Complaint, Defendants admit that they were served with a civil Summons through the Cuyahoga County Court of Common Pleas.

100.     Answering Paragraph 164 of Plaintiffs' Second Amended Complaint, Defendants admit that they removed Plaintiff's civil action to this Court on November 16, 2020.

101.     Answering Paragraph 165 of Plaintiffs' Second Amended Complaint, Defendants admit that they have participated in this litigation through counsel and are aware of Plaintiffs' allegations contained therein.  Further answering said Paragraph, Defendants specifically deny any statutorily prohibited discrimination.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

102.     Answering Paragraph 166 of Plaintiffs' Second Amended Complaint, Defendants admit Plaintiff was terminated in February 2021.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

103.     Answering Paragraph 167 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

104.     Answering Paragraph 168 of Plaintiffs' Second Amended Complaint, Defendants admit that the pre-disciplinary hearing provided Plaintiff Rogers an opportunity to respond to allegations that he violated policies of Defendant Beachwood during the officer involved shooting at Beachwood Place on June 27, 2019.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

105.     Answering Paragraph 169 of Plaintiffs' Second Amended Complaint, Defendants admit that Defendant Horwitz issued a termination letter dated February 22, 2021, a true and

accurate copy was attached to the Second Amended Complaint as Plaintiffs' Exhibit 1.  Further answering said Paragraph, Defendants state that the February 22, 2021 letter speaks for itself.

106.    Answering Paragraph 170 of Plaintiffs' Second Amended Complaint, Defendants aver that the February 22, 2021 letter speaks for itself.  Further answering said Paragraph, Defendants deny the remaining allegations contained therein.

107.    Answering Paragraph 171 of Plaintiffs' Second Amended Complaint, Defendants aver that the February 22, 2021 letter speaks for itself.  Further answering said Paragraph, Defendants deny the remaining allegations contained therein.

108.    Answering Paragraph 172 of Plaintiffs' Second Amended Complaint, Defendants aver that the February 22, 2021 letter speaks for itself.  Further answering said Paragraph, Defendants deny the remaining allegations contained therein.

109.    Answering Paragraph 173 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

110.    Answering Paragraph 174 of Plaintiffs' Second Amended Complaint, Defendants aver that the February 22, 2021 letter speaks for itself.  Further answering said Paragraph, Defendants deny the allegations contained therein.

111.    Answering Paragraph 175 of Plaintiffs' Second Amended Complaint, Defendants aver that the February 22, 2021 letter speaks for itself.  Further answering said Paragraph, Defendants deny the remaining allegations contained therein.

112.    Answering Paragraph 176 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

113.    Answering Paragraph 177 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

114.    Answering Paragraph 178 of Plaintiffs' Second Amended Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 113 of their answer as if fully rewritten herein.

115.    Answering Paragraphs 179, 180, 181, 182, 183, 184, 185, 186 and 187 of Plaintiffs' Second Amended Complaint, Defendants admit the City of Beachwood is an employer under the FMLA, that Plaintiff Rogers had worked enough hours as an employee to be entitled to leave under the FMLA at the time he requested leave for the birth of his child, and that taking and requesting leave are protected activities under the FMLA.  Further answering said Paragraphs, Defendants aver the law with respect to FMLA speaks for itself.  Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

116.    Answering Paragraph 188 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

117.    Answering Paragraphs 189, 190, 191 and 192 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

118.    Answering Paragraph 193 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

119.    Answering Paragraphs 194, 195, 196, 197, 198, 199 and 200 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.  Further answering said Paragraphs, Defendants deny assignment as a K-9 handler is a "promotion."  Rather, assignment as a K-9 handler is a duty assignment.

120.    Answering Paragraph 201 of Plaintiffs' Second Amended Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 94 of their answer as if fully rewritten herein.

121.    Answering Paragraphs 202 and 203 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

122.    Answering Paragraph 204 of Plaintiffs' Second Amended Complaint, Defendants deny Plaintiffs' characterization of the events contained therein and therefore deny Paragraph 186 of Plaintiffs' Second Amended Complaint.

123.    Answering Paragraph 205 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

124.    Answering Paragraph 206 of Plaintiffs' Second Amended Complaint, Defendants deny the characterization of the events contained therein and therefore deny Paragraph 188 of Plaintiffs' Second Amended Complaint.

125.    Answering Paragraphs 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223 and 224 of Plaintiffs' Second Amended Complaint, Defendants aver the report prepared by attorney Rendon speaks for itself. Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

126.    Answering Paragraph 225 of Plaintiffs' Second Amended Complaint, Defendants admit in March of 2019 Beachwood Police Officer Terrill Rodgers shot at a stolen Beachwood Police Cruiser as it was fleeing the scene. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

127.    Answering Paragraph 226 of Plaintiffs' Second Amended Complaint, Defendants admit Officer Terrill Rodgers who is African American was not placed indefinite administrative leave as a result of that shooting.  Further answering said Paragraph, Defendants deny Officer T. Rodgers is similarly situated to Plaintiff B. Rogers with respect to his shooting of Mr. Jones. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

128.    Answering Paragraph 227 of Plaintiffs' Second Amended Complaint, Defendants admit Beachwood Police Officer Dana Gollner, while acting as part of the SWAT team on behalf of the City of Lyndhurst shot an unarmed suspect who was attempting to grab his rifle during a domestic violence call.

129.    Answering Paragraph 228 of Plaintiffs' Second Amended Complaint, Defendants deny that Dana Gollner is African American and deny that he was similarly situated to Plaintiff Rogers.  Further answering said Paragraph, Defendants admit Mr. Gollner was not placed on indefinite administrative leave.

130.    Answering Paragraph 229 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

131.    Answering Paragraph 230 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

132.    Answering Paragraph 231 of Plaintiffs' Second Amended Complaint, Defendants admit Plaintiff Rogers saw the suspect running from Saks Fifth Avenue into the adjacent parking lot.  Further answering said Paragraph, Defendants deny that Plaintiff Rogers knew the identity of the suspect at that time or the Plaintiff Rogers knew he would later become a convicted felon. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

19

133.    Answering Paragraph 232 of Plaintiffs' Second Amended Complaint, Defendants admit Plaintiff Rogers approached in his cruiser.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

134.    Answering Paragraph 233 of Plaintiffs' Second Amended Complaint, Defendants admit Plaintiff Rogers got out of his vehicle as he saw Jones entering a vehicle and gave Jones commands to stop and put up his hands.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

135.    Answering Paragraph 234 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

136.    Answering Paragraph 235 of Plaintiffs' Second Amended Complaint, Defendants admit Mr. Jones ran over Plaintiff Rogers' foot as he fled the scene in his vehicle and that he did not comply with Plaintiff Rogers' commands.  Further answering said Paragraph, Defendants aver any court records with respect to Mr. Jones speak for themselves and are subsequent to the events at issue.  Further answering said Paragraph, Defendants are without sufficient information or belief to form an opinion as to the truth of any remaining allegations contained therein and therefore deny the same.

137.    Answering Paragraph 236 of Plaintiffs' Second Amended Complaint, Defendants aver any court records with respect to Mr. Jones speak for themselves.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

138.    Answering Paragraph 237 of Plaintiffs' Second Amended Complaint, Defendants admit Mr. Jones fled the scene after being shot.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

139.    Answering Paragraphs 238 and 239 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

140.    Answering Paragraph 240 of Plaintiffs' Second Amended Complaint, Defendants admit subsequent to the Beachwood Place shooting by Plaintiff Rogers, he was placed on indefinite administrative leave by Mayor Horwitz.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

141.    Answering Paragraphs 241 and 242 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

142.    Answering Paragraph 243 of Plaintiffs' Second Amended Complaint, Defendants admit Mr. Jones ran over Plaintiff Rogers' foot.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

143.    Answering Paragraph 244 of Plaintiffs' Second Amended Complaint, Defendants aver any court records with respect to Mr. Jones speak for themselves.  Further answering said Paragraph, Defendants are without sufficient information or belief to form an opinion as to the truth of any remaining allegations contained therein and therefore deny the same.

144.    Answering Paragraph 245 of Plaintiffs' Second Amended Complaint, Defendants admit Plaintiff Rogers was placed indefinite administrative leave by Mayor Horwitz following the shooting.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

145.    Answering Paragraph 246 of Plaintiffs' Second Amended Complaint, Defendants deny Plaintiffs' characterization of the circumstances described therein and therefore deny Paragraph 246 of Plaintiffs' Second Amended Complaint.

146.    Answering Paragraph 247 of Plaintiffs' Second Amended Complaint, Defendants admit Plaintiff Rogers remains on administrative leave and that he is Caucasian.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

147.    Answering Paragraph 248 of Plaintiffs' Second Amended Complaint, Defendants admit Plaintiff Rogers is Caucasian.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

148.    Answering Paragraph 249 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

149.    Answering Paragraphs 250, 251, 252 and 253 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

150.    Answering Paragraph 254 of Plaintiffs' Second Amended Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 149 of their answer as if fully rewritten herein.

151.    Answering Paragraphs 255, 256 and 257 of Plaintiffs' Second Amended Complaint, Defendants aver the law with respect to the ADA speaks for itself.  Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

152.    Answering Paragraph 258 of Plaintiffs' Second Amended Complaint, Defendants deny Plaintiffs' characterization of the events contained therein and therefore deny Paragraph 258 of Plaintiffs' Second Amended Complaint.

153.    Answering Paragraph 259 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief as to Plaintiff Rogers' conditions and abilities.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

154.    Answering Paragraph 260 of Plaintiffs' Second Amended Complaint, Defendants deny Plaintiffs' characterization of the circumstances described therein and therefore deny Paragraph 260 of Plaintiffs' Second Amended Complaint.

155.    Answering Paragraph 261 of Plaintiffs' Second Amended Complaint, Defendants deny Plaintiffs' characterization of the events contained therein and therefore deny Paragraph 261 of Plaintiffs' Second Amended Complaint.

156.    Answering Paragraphs 262 and 263 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

157.    Answering Paragraphs 264 and 265 of Plaintiffs' Second Amended Complaint, Defendants aver any records with respect to Luke Combs and Monica Slapak speak for themselves. Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

158.    Answering Paragraphs 266 and 267 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

159.    Answering Paragraphs 268 and 269 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

160.    Answering Paragraphs 279, 271 and 272 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

161.    Answering Paragraph 273 of Plaintiffs' Second Amended Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 160 of their answer as if fully rewritten herein.

162.    Answering Paragraphs 274, 275 and 276 of Plaintiffs' Second Amended Complaint, Defendants aver Mr. Pasch's statements speak for themselves and are his expression

of opinion.  Further answering said Paragraphs, Defendants are without sufficient information or belief to form an opinion as to the truth of any remaining allegations contained therein and therefore deny the same.

163.    Answering Paragraph 277 of Plaintiffs' Second Amended Complaint, Defendants deny Plaintiffs' characterization of the events described therein and therefore deny Paragraph 277 of Plaintiffs' Second Amended Complaint.

164.    Answering Paragraphs 278, 279 and 280 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

165.    Answering Paragraph 281 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

166.    Answering Paragraphs 282 and 283 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

167.    Answering Paragraph 284 of Plaintiffs' Second Amended Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 166 of their answer as if fully rewritten herein.

168.    Answering Paragraphs 285, 286 and 287 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

169.    Answering Paragraph 288 of Plaintiffs' Second Amended Complaint, Defendants deny Plaintiffs' characterization of the events contained therein and therefore deny Paragraph 288 of Plaintiffs' Second Amended Complaint.

170.    Answering Paragraph 289 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

171.    Answering Paragraphs 290, 291, 292 and 293 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

172.    Answering Paragraph 294 of Plaintiffs' Second Amended Complaint, Defendants aver any court records with respect to Mr. Jones speak for themselves.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

173.    Answering Paragraph 295 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

174.    Answering Paragraph 296 of Plaintiffs' Second Amended Complaint, Defendants admit Plaintiff Rogers' foot was run over by Mr. Jones.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

175.    Answering Paragraph 297 of Plaintiffs' Second Amended Complaint, Defendants admit Plaintiff Rogers shot Mr. Jones after his foot was run over by Mr. Jones and as Mr. Jones drove away from Plaintiff Rogers.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

176.    Answering Paragraph 298 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

177.    Answering Paragraph 299 of Plaintiffs' Second Amended Complaint, Defendants admit the matter was presented to the Grand Jury on or about October 9, 2020.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

178.    Answering Paragraph 300 of Plaintiffs' Second Amended Complaint, Defendants admit the Grand Jury returned a No Bill.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

179.     Answering Paragraph 301 of Plaintiffs' Second Amended Complaint, Defendants admit the Grand Jury No Bill terminated any "prosecution" in favor of Plaintiff Rogers.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

180.     Answering Paragraph 302 of Plaintiffs' Second Amended Complaint, Defendants aver there was probable cause to present the matter to the Grand Jury.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

181.     Answering Paragraph 303 of Plaintiffs' Second Amended Complaint, Defendants admit there was probable cause to present the matter to the Grand Jury and that it was presented in proper form.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

182.     Answering Paragraph 304 of Plaintiffs' Second Amended Complaint, Defendants admit the City of Beachwood is conducting a departmental review of Plaintiff Rogers' shooting of Mr. Jones.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

183.     Answering Paragraph 305 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

184.     Answering Paragraph 288 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

185.     Answering Paragraph 306 of Plaintiffs' Second Amended Complaint, Defendants aver the Collective Bargaining Agreement speaks for itself.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

186.     Answering Paragraphs 307 and 308 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

187.    Answering Paragraph 309 of Plaintiffs' Second Amended Complaint, Defendants aver any statements by Mayor Horwitz speak for themselves.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

188.    Answering Paragraph 310 of Plaintiffs' Second Amended Complaint, Defendants admit Mayor Horwitz interviewed candidates for the Beachwood Police Department Chief of Police vacancy in 2020.

189.    Answering Paragraphs 311, 312, 313, 314 and 315 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

190.    Answering Paragraph 316 of Plaintiffs' Second Amended Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 189 of their answer as if fully rewritten herein.

191.    Answering Paragraphs 317, 318, 319, 320, 321 and 322 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

192.    Answering Paragraph 323 of Plaintiffs' Second Amended Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 191 of their answer as if fully rewritten herein.

193.    Answering Paragraphs 324, 325, 326, 327, 328 and 329 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

194.    Answering Paragraph 330 of Plaintiffs' Second Amended Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 193 of their answer as if fully rewritten herein.

195.    Answering Paragraph 331 and 332 of Plaintiffs' Second Amended Complaint, Defendants aver the law speaks for itself.  Further answering said Paragraphs, Defendants deny any violation of law.

196.    Answering Paragraph 333 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

197.    Answering Paragraph 334 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

198.    Answering Paragraphs 335 and 336 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

199.    Answering Paragraphs 337, 338 and 339 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

200.    Answering Paragraph 340 of Plaintiffs' Second Amended Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 199 of their answer as if fully rewritten herein.

201.    Answering Paragraph 341 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

202.    Answering Paragraph 342 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein and controvert the prayer contained subsequent to Paragraph 342 of Plaintiffs' Second Amended Complaint.

203.    Answering Paragraph 343 of Plaintiffs' Second Amended Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 202 of their answer as if fully rewritten herein.

204.    Answering Paragraph 344 of Plaintiffs' Second Amended Complaint, Defendants state that said paragraph calls for a legal conclusion therefore Defendants deny the same.

205.    Answering Paragraph 345 of Plaintiffs' Second Amended Complaint, Defendants aver Plaintiffs' Second Amended Complaint filed in Cuyahoga County Court of Common Pleas speaks for itself.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

206.    Answering Paragraph 346 of Plaintiffs' Second Amended Complaint, Defendants state that said paragraph calls for a legal conclusion therefore Defendants deny the same.

207.    Answering Paragraph 347 of Plaintiffs' Second Amended Complaint, Defendants admit that they removed Plaintiffs' civil action to this Court on November 16, 2020.  Further answering said paragraph, Defendants deny the remaining allegations.

208.    Answering Paragraph 348 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

209.    Answering Paragraph 349 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

210.    Answering Paragraph 350 of Plaintiffs' Second Amended Complaint, Defendants admit the allegations contained therein.

211.    Answering Paragraph 351 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

212.    Answering Paragraph 352 of Plaintiffs' Second Amended Complaint, Defendants aver that the February 22, 2021 letter speaks for itself.  Further answering said paragraph, Defendants deny the remaining allegations therein.

213. Answering Paragraph 353 of Plaintiffs' Second Amended Complaint, Defendants aver that the February 22, 2021 letter speaks for itself. Further answering said paragraph, Defendants deny the remaining allegations therein.

214. Answering Paragraph 354 and 355 of Plaintiffs' Second Amended Complaint, Defendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

215. Defendants reallege and reaver all the admissions, averments and denials contained in paragraphs 1 through 214 of their answer as if fully rewritten herein.

216. Plaintiffs' Second Amended Complaint, in whole or in part, is barred by qualified immunity.

### SECOND DEFENSE

217. Plaintiffs' Second Amended Complaint, in whole or in part, is barred by Chapter 2744 of the Ohio Revised Code.

### THIRD DEFENSE

218. Plaintiffs' Second Amended Complaint, in whole or in part, is barred by the applicable statute of limitations.

### FOURTH DEFENSE

219. Plaintiffs' Second Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### FIFTH DEFENSE

220. Plaintiffs' Second Amended Complaint, in whole or in part, is barred by Ohio Revised Code § 4117.01, et seq.

WHEREFORE, having fully answered, Defendants pray that Plaintiffs' Second Amended Complaint be dismissed, and that they go hence without cost or delay.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Terence L. Williams*
JOHN T. MCLANDRICH  (0021494)
TERENCE L. WILLIAMS  (0081363)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   jmclandrich@mrrlaw.com
         twilliams@mrrlaw.com

Counsel for Defendants Martin Horwitz, Gary
Haba, Diane Calta, Nathalie Supler, James Pasch
and the City of Beachwood

31

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

*s/Terence L. Williams*
JOHN T. MCLANDRICH  (0021494)
TERENCE L. WILLIAMS  (0081363)

Counsel for Defendants Martin Horwitz, Gary Haba, Diane Calta, Nathalie Supler, James Pasch and the City of Beachwood

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2021, a copy of the foregoing Answer to Plaintiffs' Second Amended Complaint was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/Terence L. Williams*
JOHN T. MCLANDRICH  (0021494)
TERENCE L. WILLIAMS  (0081363)

Counsel for Defendants Martin Horwitz, Gary Haba, Diane Calta, Nathalie Supler, James Pasch and the City of Beachwood

NORMA-200246/Ds Ans to Ps 2d Amd Compl