UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BLAKE ROGERS, et al., | ) | CASE NO.:  1:20-CV-2568 |
| | ) | |
| Plaintiffs, | ) | JUDGE:  J. PHILIP CALABRESE |
| | ) | |
| vs. | ) | **DEFENDANTS' MOTION FOR** |
| | ) | **JUDGMENT ON THE PLEADINGS AS** |
| MARTIN HORWITZ, et al., | ) | **TO THE SECOND AMENDED** |
| | ) | **COMPLAINT** |
| Defendants. | ) | |

Now come Defendants Martin Horwitz, Gary Haba, Diane Calta, Nathalie Supler, James

Pasch and the City of Beachwood, by and through counsel, and hereby move this Court pursuant

to Fed.R.Civ.P. 12(c) for judgment on the pleadings based on his failure to state any claims for

which relief may be granted in the Second Amended Complaint.  A brief in support of this motion

is attached and incorporated herein by reference.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

s/Terence L. Williams
JOHN T. MCLANDRICH  (0021494)
TERENCE L. WILLIAMS  (0081363)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:    jmclandrich@mrrlaw.com
               twilliams@mrrlaw.com

Counsel for Defendants Martin Horwitz, Gary
Haba, Diane Calta, Nathalie Supler, James Pasch
and the City of Beachwood

## BRIEF IN SUPPORT

### I.      INTRODUCTION

Plaintiffs filed a Second Amended Complaint on April 27, 2021 following leave of this Court.  Plaintiffs' Second Amended Complaint was factually identical to the First Amended Complaint but included a claim of Blake Rogers ("Rogers") for Retaliatory Discharge in Violation of R.C. § 4112.02(I) against Defendants Martin Horwitz and City of Beachwood.  This newly added claim fails because the Court lacks jurisdiction to hear the claim based on the Collective Bargaining Agreement to which Plaintiff is subject.  Alternatively, even if the Court has jurisdiction to hear the matter, Plaintiff fails to state a claim upon which relief can be granted because the newly added claim is wholly devoid of factual support for his legal conclusions, failing to meet the pleading requirements for such a claim.  Therefore, Rogers' claim for retaliatory discharge should be dismissed.

### II.     STANDARD OF REVIEW

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir.2010).  A complaints' "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).  A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III.     LAW AND DISCUSSION

      **A.**      **The Court Lacks Subject Matter Jurisdiction Because an Arbitrator's Finding is a Condition Precedent to His Retaliation Termination Claim.**

The City of Beachwood is party to a public-sector collective bargaining agreement with Beachwood FOP Lodge 86 ("CBA").  (See ECF 25-1, PgID#441-480.)  Rogers is bound by the terms of that contract which requires binding arbitration for any "dispute or difference between the City and the F.O.P., or between the City and an employee other than probationary employees, concerning the interpretation and/or application of any provision of this Agreement **and any disciplinary actions**."  (See ECF 25-1, PgID# 447-450.)  (Emphasis added.)

As an employee for the City of Beachwood, a political subdivision, Plaintiff's employment was governed by Ohio Revised Code § 4117 which states:

> If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure.

O.R.C. § 4117.10(A).

Based on O.R.C. § 4117.10, political subdivisions have been found exempt from federal jurisdiction in an action by a union employee who seeks relief under a CBA.  *Roulhac v. Southwest Regional Transit Authority*, 2008 WL 920354 (S.D. Ohio 2008).  Defendants anticipate that Plaintiff will argue that he is alleging a violation of his O.R.C. statutory rights under § 4112.02(I) and is thus not brining a challenge to the CBA.  However, Rogers' claim is actually a challenge to the validity of his termination despite his attempt to couch it as a statutory retaliation claim.  As a result, this Court lacks the jurisdiction to hear this claim.

The court's decision in *Gamble v. Greater Cleveland Reg'l Transit Auth.*, No. 1:15 CV 1219, 2015 WL 5782073 (N.D. Ohio Sept. 30, 2015), *aff'd*, No. 15-4208, 2017 WL 5135537 (6th

Cir. June 2, 2017), is instructive.  In *Gamble*, this court addressed a substantially similar case involving a public-sector bargaining unit employee who claimed that his employer discriminated against him by intentionally misclassifying his injury as non-work-related so that it could terminate him under the long-term absence provisions of the CBA.  The court agreed that the plaintiff's discrimination claim required interpretation of the CBA and held that the employee "should not be permitted to skirt O.R.C. § 4117 by converting a state law contract claim into a federal cause of action simply by alleging that a breach was discriminatory."  *Gamble*, at *3.  Thus, the court dismissed the complaint.

In *Lowe v. Ohio Dep't of Admin. Servs.*, the plaintiff, a security guard employed by the Ohio Department of Administrative Services brought claims regarding an alleged retaliation by his supervisors were founded on rights created by the collective bargaining agreement.  *Lowe*, 2004-Ohio-2766, ¶9 (Ct. of Claims, 2004).  The court found that the plaintiff's claims of retaliation were predicated on allegedly wrongful conduct directly related to the terms and conditions of his employment and were, therefore, preempted by the collective bargaining agreement.  As a result, the court concluded it was without jurisdiction to decide matters that are subject to a final and binding grievance procedure.  *Lowe*, ¶12.

Here, Rogers alleges retaliatory discharge under O.R.C. § 4112.02(I) because of his Complaint in state court.  However, Plaintiff's own allegations establish that he is actually challenging the City's reasoning for his termination because he claims that his conduct was not adequate grounds for termination.  (ECF 33, Second Amended Complaint, ¶348, PageID #673.) Plaintiff alleges his actions were justifiable and reasonable which serves as a challenge to the termination decision and would be governed by the CBA, even in Plaintiff's attempt to avoid the application of the CBA.

Plaintiff ostensibly is arguing that his termination (the discipline instituted by the City of Beachwood pursuant to the CBA) was improper based on inadequate grounds for his alleged justifiable use of force on June 27, 2019.  This challenge is contractual in nature, despite Rogers' attempt to couch his retaliation claim as statutory and not contractual under the CBA.  Rogers should not be permitted to skirt O.R.C. § 4117 by converting a state law contract claim into a statutory claim to avoid the ramifications of pursuing the challenge to his discipline under the CBA.  *Gamble*, at *3.

The reasoning in *Gamble* and *Lowe* apply here.  Rogers is challenging the discipline instituted by the City of Beachwood claiming that the reasoning for his termination was inadequate grounds for that termination.  As such, Rogers' retaliation claim turns on the interpretation of the CBA and whether he could be terminated under the terms of that CBA and is actually based on his contractual rights and not his statutory rights under O.R.C. § 4112.02.  Thus, the Court lacks jurisdiction to hear this claim and it should be dismissed.

**B.      Assuming Arguendo, the Court has Jurisdiction to Hear the O.R.C. § 4112.02 Claim, Plaintiff Fails to State a Claim Upon which Relief can be Granted.**

Defendants anticipate that Rogers will claim that his retaliatory discharge claim under O.R.C. § 4112.02 is a statutory claim not governed by the CBA despite the actual allegation in the Complaint challenging the City of Beachwood's rationale for his termination.  Even if the Court determines that it possesses jurisdiction to hear Count 21 of the Second Amended Complaint, Rogers fails to allege a claim upon which judgment could be granted.

The elements required to establish retaliation under O.R.C. § 4112.02 are identical to those required to establish a claim under Title VII.  *Smith v. Board of Trustees Lakeland Community College*, 746 F.Supp.2d 877, 900 (N.D. Ohio 2010).  To establish a claim for retaliation, a plaintiff must show that: (1) he engaged in protected activity; (2) his employer knew he participated in the

4

activity; (3) he suffered an adverse employment action and (4) there is a causal connection between

the protected activity and the adverse action.  *Smith*, 746 F.Supp.2d at 900; citing *Johnson v. Univ.*

*of Cincinnati*, 215 F.3d 561, 578 (6th Cir.2000).  Critically, the plain language of O.R.C.

§ 4112.02(I) provides a "cause-in-fact" causation standard, so that a Plaintiff must establish that

the protected activity was "**the**" reason for the adverse employment action.  *Wholf v. Tremco, Inc.*,

26 N.E.3d 902, 2015-Ohio-171, ¶¶29, 44 (8th Dist.2015).

To establish his O.R.C. § 4112.02 (just as a discrimination claim under Title VII), Plaintiff

must present either direct or circumstantial evidence of discrimination by his employer.  *Wheat v.*

*Fifth Third Bank*, 785 F.3d 230, 237 (6th Cir.2015).  Rogers claims no direct allegations of any

such retaliation, offering only circumstantial allegations of the alleged discrimination.  As a result,

the Court must look to the burden shifting framework set forth in *McDonnell Douglas Corporation*

*v. Green*, 411 U.S. 792, 802-803 (1973), to address the circumstantial allegations of retaliation.

Here, Rogers' claim relies on legal conclusions to establish his claim for retaliation but fails to

meet the *Twombly* standard because the claim lacks any factual allegations to support those

conclusions or meet the necessary standard of the *McDonnell Douglas* burden shifting analysis.

The first step of the *McDonnel Douglas* framework requires the plaintiff to establish a

prima facie case of discrimination.  *White v. Baxter Healthcare Corp.* 533 F.3d 381, 391 (6th

Cir.2008).  To establish a prima facie case for the alleged retaliation, a plaintiff must show that:

> (1) he engaged in protected activity; (2) his employer knew he participated in the activity; (3) he suffered an adverse employment action and (4) there is a causal connection between the protected activity and the adverse action.

*Smith*, 746 F.Supp.2d at 900, supra.

If the plaintiff proves a *prima facie* case, then the employer has the burden to put forth a

legitimate, non-discriminatory reason for the employment action taken against the plaintiff.  *White*,

supra, at 391.  If the employer provides such a reason, the burden shifts back to the plaintiff to

show that the reason offered by the employer was pretext for unlawful discrimination.  *White*,

supra, at 391-392.

Here, Rogers' claim is sufficient to allege a *prima facie* case, however, his Second

Amended Complaint also establishes the legitimate, non-discriminatory reason for his termination

as laid out in the February 22, 2021 termination letter attached to the Second Amended Complaint

under the above burden shifting test.  The rationale laid out in that letter, including violation of

City policies as confirmed by witnesses and the video, are sufficient to shift the burden back to

plaintiff to show the reasons in that letter were pretextual.  Critically, Rogers' claim only alleges

that the pre-disciplinary hearing and termination were pretext but fails to allege any facts to support

that allegation, let alone that the filing of his lawsuit was the "but-for" cause of this termination.

As a result, Rogers fails to allege sufficient factual support under *Twombly* so that his

Complaint only recites the legal standard to establish the retaliation claim.  Therefore, Rogers'

claim fail and the Defendants are entitled to judgment as a matter of law.

> **C.      Plaintiff Did Not Meet the Requirements of O.R.C. § 4112.052 in Order to Bring His O.R.C. §4112.02 Claim and it Must be Dismissed.**

Under O.R.C. § 4112.052(A), which became effective on April 15, 2021 of this year, a

person alleging an unlawful discriminatory practice relating to employment in violation of section

4112.02 may bring a civil action in a court of competent jurisdiction.  However, a person may only

file such a civil action if the person satisfied both of the following conditions:

(a) The person has first filed a charge with the Ohio civil rights commission under section 4112.051 of the Revise Code with respect to the practice complain of in the complaint for the civil action within the time period required under that section.

(b) One of the following occurs:

    (i)      The person receives a notice of right to sue from the Ohio civil rights commission pursuant to section 4112.051 of the Revised Code.

    (ii)    The person has requested a notice of right to sue from the Ohio civil rights commission, and the commission fails to issue the notice of right to sue within forty-five days after the date the commission is permitted

to grant the request under division (N) of section 4112.051 of the Revised Code.

(iii)   The Ohio civil rights commission, after a preliminary investigation conducted pursuant to a charge filed under section 4112.051 of the Revised Code, determines that it is probable that an unlawful discriminatory practice relating to employment has occurred or is occurring and the complainant, after being informed by the commission of the right to file a civil action under this chapter, elects to file a civil action and notifies the commission of that fact.

O.R.C. § 4112.052.

Here, Rogers cannot meet either requirement.  The Second Amended Complaint was not filed until April 27, 2021 so that Rogers was required to first file a charge with the Ohio civil rights commission and receive either a notice of right to sue from the Ohio civil rights commission or other requirements under O.R.C. § 4112.052(B)(1).  Defendants acknowledge that Plaintiff sought leave to amend his Complaint to file the O.R.C. § 4112.02 claim prior to the effective date of the amended O.R.C. § 4112.052.  Unfortunately, leave was required for any such amendment and such leave was not granted until after the effective date O.R.C. § 4112.052, so that he is required to meet the requirements of O.R.C. § 4112.052, which he has failed to do.

**D.     Defendant Horowitz is Entitled to Statutory Immunity as to Plaintiff's State Law Discrimination and Retaliation Claims under O.R.C. § 4112.**

As an employee of a political subdivision, Defendant Horwitz is entitled to immunity under R.C. § 2744.03(A)(6) as to Rogers' O.R.C. § 4112.02 claim.  *Zumwalde v. Madeira & Indian Hill Joint Fire* Dist., 128 Ohio St.3d 492, 2011–Ohio–1603; see also *Mayes v. Columbus*, 105 Ohio App.3d 728 (1995).  By its terms, O.R.C. § 2744.03(A)(6) operates as a presumption of immunity. *Cook v. Cincinnati*, 103 Ohio App.3d 80, 90 (1995).  This presumption may only be overcome by demonstrating that an exception to immunity applies.  *M.B. v. Elyria City Bd. of Educ.*, 9th App. Dist., 05CA008831, 2006-Ohio-4533.

7

As noted by the Northern District of Ohio in *Wondrak v. Cleveland Metropolitan School District*, 2019 WL 6683197 (N.D. Ohio 2019), pursuant to *Hauser v. City of Dayton Police Dept.*, 140 Ohio St.3d 268, 214-Ohio-3636 (2014):

> …, the Ohio Supreme Court held that R.C. 4112 does not "expressly impose" civil liability on political subdivision employees so as to trigger any exception to immunity under Ohio Revised Code § 2744.03(A)(6). *Hauser*, supra at 273.

As noted by the Court *Wondrak*:

> Thus, employees of political subdivisions, according to the Ohio Supreme Court in *Hauser*, cannot be held individually liable for discrimination because they are immune under R.C. 2744.03.

*Wondrak*, supra at *6.

The exception to immunity under O.R.C. § 2744.03(A)(6)(b) does not apply as there are no allegations of recklessness, wantonness, malice or bad faith as it related to the alleged retaliatory termination.  "Bad faith" implies sinister motive and also refers to that which has "no reasonable justification."  *Pierce v. Woyma,* 8th Dist. No. 97545, 2012-Ohio-3947 (1997), at ¶15.  "Malice" is defined as the willful and intentional design to harm another by inflicting serious injury without excuse or justification.  *Garrison v. Bobbitt,* 134 Ohio App.3d 373, 384 (1999).  "Wanton" misconduct refers to a failure to exercise any care whatsoever.  *Anderson v. Massillion*, 134 Ohio St.3d. 380, 2012-Ohio-5711, at ¶33.  "Recklessness" is a perverse disregard of a known risk.  *Id.* at ¶34.  *O'Toole v. Denihan,* 118 Ohio St.3d 374, 2008-Ohio-2574 (2008), at paragraph three of the syllabus.

Based upon the foregoing, there are no allegations establishing any exception to Ohio's state law immunity of employees under *Hauser*, and as such Mr. Horwitz is entitled to state law immunity from the allegations of Count 21 of Plaintiff's Second Amended Complaint.

8

IV.    CONCLUSION

Defendants Horwitz and the City of Beachwood request that Plaintiff's Second Amended

Complaint be dismissed.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

s/Terence L. Williams
JOHN T. MCLANDRICH  (0021494)
TERENCE L. WILLIAMS  (0081363)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:    jmclandrich@mrrlaw.com
              twilliams@mrrlaw.com

Counsel for Defendants Martin Horwitz, Gary Haba,
Diane Calta, Nathalie Supler, James Pasch and the
City of Beachwood

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2021, a copy of the foregoing Defendants' Motion for Judgment on the Pleadings as to the Second Amended Complaint was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/Terence L. Williams*
JOHN T. MCLANDRICH  (0021494)
TERENCE L. WILLIAMS  (0081363)

Counsel for Defendants Martin Horwitz, Gary
Haba, Diane Calta, Nathalie Supler, James Pasch
and the City of Beachwood

NORMA-200246/Ds MJOP as to 2nd Amd Compl