IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BLAKE ROGERS, *et al.*, | Case No. 1:20-cv-2568 |
| | Judge J. Philip Calabrese |
| Plaintiffs, | |
| | Magistrate Judge |
| -vs- | William H. Baughman, Jr. |
| MARTIN HORWITZ, *et al.*, | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' 5/14/21 MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Defendants. | |

Now come Plaintiffs Blake and Jacalyn Rogers, by and through undersigned counsel, and hereby respectfully request that this Honorable Court deny Defendants' 5/14/21 Motion for Judgment on the Pleadings. The Defendants' latest Rule 12(c) motion concerns the alleged futility of both Rogers' retaliatory discharge claim and the Court's ability to exercise subject-matter jurisdiction over the claim. But in order to make these arguments, the Defendants had to manipulate, omit, or misstate several key facts and points of controlling law to give their latest Rule 12(c) motion the appearance of legitimacy. The Court should deny the Defendants' latest attempt at avoiding liability for their unlawful and unconscionable conduct, as the fatal flaws in the Defendants' brief cannot entitle them to any relief under Rule 12(c).

The several weaknesses with the Defendants' motion include: (1) glossing over the undeniable reality that Rogers' retaliation claim is independent from Beachwood's collective bargaining agreement, which does not clearly and expressly mandate arbitration of statutory antidiscrimination claims; (2) presenting a flawed understanding of both "but-

for" causation and the *McDonnell Douglas/Burdine* burden-shifting framework; (3) ignoring the relation back of Rogers' new claim to his original claims, and the longstanding presumption against retroactive legislation; and (4) omitting controlling legal authority regarding Ohio's political subdivision tort immunity statute as it relates to individual liability for unlawful retaliation.

## LAW AND ARGUMENT

### I. The Court Maintains Its Subject-Matter Jurisdiction Over Rogers' Retaliatory Discharge Claim.

The Defendants' attempt to transform Rogers' state-law retaliatory discharge claim into a contract claim (ECF No. 35, Page ID # 717) is unavailing and without merit. To establish retaliation under R.C. 4112.02(I), a plaintiff must show (1) he engaged in a protected activity; (2) his employer knew of his participation in the protected activity; (3) he suffered an adverse employment action; and (4) a causal link existed between the protected activity and the adverse action. *Wille v. Hunkar Laboratories, Inc.* (1998), 132 Ohio App.3d 92, 107-108, 724 N.E.2d 492. "Each of these purely factual questions pertains to the conduct of the employee and the conduct and motivation of the employer. N[one] of the elements requires a court to interpret any term of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 407 (1988).

Rogers engaged in protected activity by filing a lawsuit challenging and opposing statutorily prohibited discrimination. (*See* ECF No. 1-1); *Taylor-Stephens v. Rite Aid of Ohio*, 8th Dist. Cuyahoga No. 106324, 2018-Ohio-4714, ¶ 63 (holding that "Taylor-Stephens's lawsuit alleging racial discrimination against Rite Aid was a protected activity.") Defendants knew of the suit, and there is a causal connection between it and Rogers' termination. (ECF No. 33, Page ID # 672-73.) These facts do not implicate the CBA in any

2

way. Indeed, as Defendants point out, the CBA governs "disciplinary actions[]" only. (ECF No. 35, Page ID # 715.) Rogers cannot assert a retaliatory discharge claim in CBA arbitration; there, rather, he will challenge whether Beachwood had "just cause" to impose the disciplinary action of termination.

In *Lingle*, 486 U.S. at 407, the Supreme Court held that an employee's state-law retaliatory discharge claim was "'independent' of the collective-bargaining agreement" because "resolution of the state-law claim does not require construing the collective-bargaining agreement." The same is true here: Rogers' retaliation claim is unrelated to, and not intertwined with, the CBA. Defendants nonetheless argue that Rogers

> ostensibly is arguing that his termination (the discipline instituted by the City of Beachwood pursuant to the CBA) was improper based on inadequate grounds for his alleged justifiable use of force on June 27, 2019. This challenge is contractual in nature, despite Rogers' attempt to couch his retaliation claim as statutory and not contractual under the CBA.

(ECF No. 35, Page ID # 717.) But in *Lingle*, which likewise concerned whether a retaliatory discharge claim was dependent upon the terms of a CBA, the Supreme Court held:

> We agree with the court's explanation that the state-law analysis might well involve attention to the same factual considerations as the contractual determination of whether Lingle was fired for just cause. But we disagree with the court's conclusion that such parallelism renders the state-law analysis dependent upon the contractual analysis.
> . . .
> In other words, even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement

*Lingle*, 486 U.S. at 408, 409-410; *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1331 (6th Cir.1989) (holding, "here, as in *Lingle*, the state-law tort of retaliatory discharge creates rights independent of those established by the collective bargaining agreement".)

3

Defendants cite *Gamble v. Greater Cleveland Regional Transit Auth.*, 2015 U.S. Dist. LEXIS 133936, at *7-8 (Sep. 30, 2015), in support but it is distinguishable because the plaintiff *could not* state a discrimination claim due to (1) not being disabled; and (2) not being an employee at the time he requested a reasonable accommodation. Defendants also cite *Lowe v. Ohio Dept. of Adm. Servs.*, 2004-Ohio-2766, ¶¶3-5, 12, but there the plaintiff's retaliation claim was *specifically* subject to CBA grievance procedures, unlike here.

Because the collective bargaining agreement at issue does not specifically include statutory antidiscrimination claims under R.C. 4112.02(I) as being within its purview, Rogers' retaliatory discharge claim is therefore outside the scope of the agreement and not subject to arbitration. The Court retains subject-matter jurisdiction over the claim because the Supreme Court has repeatedly mandated that "an agreement to arbitrate statutory antidiscrimination claims [must] be 'explicitly stated' in the collective-bargaining agreement" in order to compel arbitration of such claims. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 258 (2009) (Thomas, J.). Justice Scalia emphasized that any waiver to litigate statutory claims found in a collective bargaining agreement "must be clear and unmistakable":

> Not only is petitioner's statutory claim not subject to a presumption of arbitrability; we think any CBA requirement to arbitrate [a statutory claim] must be particularly clear. In *Metropolitan Edison Co. v. NLRB*, 460 U.S. 693 (1983), we stated that a union could waive its officers' statutory right * * * to be free of antiunion discrimination, ***but we held that such a waiver must be clear and unmistakable***. "[W]e will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated.' More succinctly, the waiver must be clear and unmistakable." 460 U.S. at 708.

*Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 79–80 (1998) (emphasis added).

4

The Sixth Circuit, embracing this "clear and unmistakable" standard, established that statutory claims, unless *specifically* indicated otherwise, are separate and distinct from the contract-based issues ordinarily subject to arbitration under a collective bargaining agreement:

> *Wright* thus announced that "workers' statutory claims for employment discrimination are 'not subject to a presumption of arbitrability.'" *Bratten v. SSI Servs., Inc.*, 185 F.3d 625, 631 (6th Cir. 1999) (quoting *Wright*, 525 U.S. at 79).
>
> Sixth Circuit case law shows that the "clear and unmistakable" standard is not easily met. In *Bratten*, the court noted that **"post-*Wright* courts appear to be in agreement that a statute must specifically be mentioned in a CBA for it to even approach *Wright*'s 'clear and unmistakable' standard."** 185 F.3d at 631 (collecting cases). Because the CBA at issue in *Bratten* "[a]t best…obligate[d] defendants to refrain from disability discrimination…only within the context of Title VII," the employer could not compel arbitration of discrimination claims brought under the ADA. *Id.*

*Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 866–67 (N.D. Ohio 2013) (Lioi, J.) (emphasis added). Here, R.C. 4112.02(I) is found nowhere in the CBA.

This concept of specificity was further examined in *Kennedy v. Superior Printing Co.*, 215 F.3d 650, 654 (6th Cir. 2000), where the Sixth Circuit held that "[t]here can be no dispute" that an agreement containing a "general antidiscrimination provision" defining a "grievance" as "any controversy or dispute arising from the interpretation and/or application of the terms and work conditions under this labor agreement" did not compel employees to arbitrate statutory anti-discrimination claims.

The collective bargaining agreement advanced by Defendants contains language almost identical to that found in *Kennedy*, defining the term "grievance" as "a dispute or difference between the City and the F.O.P, or between the City and an employee other than probationary employees, concerning the interpretation and/or application of any provision of this Agreement and any disciplinary actions." (ECF No. 25-1, Page ID # 447.)

5

Likewise, the collective bargaining agreement's "Non-Discrimination" policy speaks in generalities only, making no mention of any state or federal antidiscrimination laws with the requisite level of specificity as required by the Supreme Court under *Wright*. (*Id.* at 446–47); *see Minnick v. Middleburg Hts.*, No. 81728, 2003 WL 22215612, *5. (Ohio Ct. App. 8th Dist. Sept. 25, 2003).

## II. Rogers Has Indeed Stated a Plausible Claim for Which Relief Could Be Granted.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Here, Rogers' retaliatory discharge claim is supported by factual allegations that do indeed give rise to a plausible claim for relief such that the Court must deny the Defendants' erroneous arguments to the contrary. (*See* ECF No. 30, PageID # 648–51, ¶¶ 161–77.)

### A. "But-For" Does Not Mean "One-And-Only."

Justice Kennedy wrote in *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013), that "Title VII retaliation claims must be proved according to traditional principles of but-for causation[.] This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." The Ohio courts applying this "but-for" standard to retaliation claims under R.C. 4112.02(I) have understood this to mean that "[u]nder *Nassar*, the plaintiff must ultimately prove, by a preponderance of the evidence, that the plaintiff's protected activity was the ***determinative factor*** in the employer's adverse employment action." *Wholf v. Tremco, Inc.*, 26 N.E.3d 902, 912 (Ohio Ct. App. 8th Dist. 2015) (emphasis added).

6

Importantly, "determinative factor" does not mean "sole cause," and Justice Gorsuch provided an excellent explanation of this concept in his majority opinion in *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1739 (2020):

> [A]s this Court has previously explained, "the ordinary meaning of 'because of' is 'by reason of' or 'on account of.'" In the language of law, this means that Title VII's "because of" test incorporates the "'simple'" and "traditional" standard of but-for causation. That form of causation is established whenever a particular outcome would not have happened "but for" the purported cause. In other words, a but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a but-for cause.
>
> This can be a sweeping standard. Often, events have multiple but-for causes. So, for example, if a car accident occurred *both* because the defendant ran a red light *and* because the plaintiff failed to signal his turn at the intersection, we might call each a but-for cause of the collision. When it comes to Title VII, the adoption of the traditional but-for causation standard means a defendant cannot avoid liability just by citing some other factor that contributed to its challenged employment decision. So long as the plaintiff's sex was one but-for cause of that decision, that is enough to trigger the law.

(internal citations omitted).

Here, the factual allegations supporting Rogers' retaliatory discharge claim present the plausible argument that his decision to challenge the Defendants' unlawful and discriminatory employment practices "was one but-for cause of that decision" to end his employment as a police officer with the City of Beachwood. (*See* ECF No. 30, PageID # 648–51, ¶¶ 161–77.) The Defendants' argument to the contrary, that Rogers' protected activity must be the one-and-only cause (ECF No. 35, Page ID # 718) thus has no basis in law, fact, or reality.

### B. The McDonnell Douglas/Burdine Burden-Shifting Framework is an Evidentiary Standard, not a Pleading Standard.

Writing for a unanimous Supreme Court, Justice Thomas stated that "[t]he prima facie case under *McDonnell Douglas*...is an evidentiary standard, not a pleading

7

requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). Accordingly, it is not appropriate to apply this evidentiary standard to Rogers' retaliatory discharge claim at the pleading stage via a Rule 12(c) motion, and the Defendants' argument to the contrary is thus meritless.

Indeed, the Supreme Court "***has never indicated*** that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss. For instance, we have rejected the argument that a Title VII complaint requires greater 'particularity,' because this would 'too narrowly constric[t] the role of the pleadings.' *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 283, n. 11 (1976). Consequently, the ordinary rules for assessing the sufficiency of a complaint apply." *Swierkiewicz*, 534 U.S. at 511 (emphasis added).

Here, despite not being required to do so, Rogers has nevertheless plead the entirety of the back-and-forth facts relevant to the *McDonnell Douglas/Burdine* analysis by alleging: (1) that he engaged in protected activity and was terminated; (2) that the Defendants attempted to give the termination the appearance of legitimacy; and (3) that the Defendants' offered reasons were all pretextual. (*See* ECF No. 30, PageID # 648–51, ¶¶ 161–77.) The Court must therefore disregard the Defendants' erroneous contentions to the contrary and deny their Motion in its entirety.

III. **The April 15, 2021 Amendments to Chapter 4112 of the Ohio Revised Code are Inapplicable to Rogers' Retaliatory Discharge Claim.**

The Defendants are correct: Chapter 4112 was indeed amended on April 15, 2021, requiring prospective litigants to exhaust their administrative remedies with the Ohio Civil

8

Rights Commission prior to filing suit. But the Defendants are simply wrong to argue that these amendments apply to a retaliatory discharge claim *that accrued on February 22, 2021* (ECF No. 33, PageID # 673), prior to Chapter 4112's amendment. Even if Defendants were correct, the Court granted Rogers' motion for leave to supplement in full (ECF No. 32), meaning his retaliatory discharge claim was deemed filed on April 2, 2021 (ECF No. 29, PageID # 544), prior to Chapter 4112's amendment. Docketing the cleaned-up, non-redlined pleading on April 27, 2021 was merely a formality. Moreover, this supplemental pleading relates back to the original because it arose out of the same conduct alleged or contemplated therein. *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 250 (6th Cir. 2000). Lastly, the Chapter 4112 amendments are silent on the issue of retroactivity: "Since the early days of this Court, we have declined to give retroactive effect to statutes burdening private rights **unless Congress had made clear its intent**." *Landgraf v. USI Film Prod.*, 511 U.S. 244, 270 (1994) (emphasis added).

IV. **Because R.C. 4112.02(I) Imposes Liability Directly Upon Individuals, Horwitz Cannot Receive the Benefit of Ohio's Political Subdivision Immunity Statute.**

The Ohio Supreme Court held in *Hauser v. Dayton Police Dept.*, 140 Ohio St.3d 268, 273 (2014), that R.C. 4112.01(A)(2) and R.C. 4112.02(A) do not "expressly impose" civil liability on political subdivision employees. However, in that same decision, the Ohio Supreme Court also made clear "that our conclusion is limited to the provisions dealing with 'employer' discrimination, R.C. 4112.01(A)(2) and 4112.02(A). An individual political-subdivision employee still faces liability under other provisions of R.C. 4112.02 that **expressly impose liability**, including the aiding-and-abetting provision in R.C. 4112.02(J)." *Id.*; see also *Johnson-Newberry v. Cuyahoga Cty. Child & Fam. Servs.*, 144

9

N.E.3d 1058, 1064–66 (Ohio Ct. App. 8th Dist. 2019) (providing extensive insight into *Hauser* and Chapters 4112 and 2744 of the Ohio Revised Code).

Under Chapter 4112 of the Ohio Revised Code, only two sections dealing with discrimination in employment expressly indicate that individuals are susceptible to civil liability: R.C. 4112.02(I), retaliation; and R.C. 4112.02(J), aiding and abetting discrimination. Rogers' retaliatory discharge claim is, of course, governed by R.C. 4112.02(I), which makes it unlawful "[f]or any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice[.]"

Relevant to the analysis here is R.C. 2744.03(A)(6)(c), which states that individual employees of a political subdivision cannot receive the benefit of immunity if "[c]ivil liability is expressly imposed upon the employee by a section of the Revised Code." Thus, the interplay between R.C. 4112.02(I) and R.C. 2744.03(A)(6)(c) is clear: Horwitz can indeed be individually liable for retaliation, and he therefore cannot receive the benefit of Ohio's political subdivision tort immunity statute.

Horwitz claims immunity because he did not act "with malicious purpose, in bad faith, or in a wanton or reckless manner[,]" as contemplated under subsection (A)(6)(b) of R.C. 2744.03. However, Rogers, as the plaintiff, is not required to plead affirmative defenses, like immunity, in a complaint; he need only state a claim. Rogers "is not required to anticipate a political subdivision's defenses and plead specific facts to counteract a possible affirmative defense of sovereign immunity to withstand a motion to dismiss." *Molnar v. City of Green*, 2019-Ohio-3083, 140 N.E.3d 1208, ¶ 14 (9th Dist.).

Respectfully submitted,

*/s/ Kevin M. Gross*
Lewis A. Zipkin, Esq. (0030688)
Kevin M. Gross, Esq. (0097343)
ZIPKIN WHITING CO., L.P.A.
3637 South Green Road
Beachwood, Ohio 44122
Phone: 216-514-6400
Fax: 216-514-6406
Email: zfwlpa@aol.com
       kgross@zipkinwhiting.com

*Counsel for Plaintiffs Blake and Jacalyn Rogers*

## CERTIFICATE OF SERVICE

A true and correct copy of the Plaintiffs' Response to Defendants' May 14, 2021 Motion for Judgment on the Pleadings (ECF No. 35) has been served on June 10, 2021, upon:

John T. McLandrich, Esq.
Terence L. Williams, Esq.
MAZANEC, RASKIN & RYDER CO., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
Phone: (440) 248-7906
Fax: (440) 248-8861
Email: jmclandrich@mrrlaw.com
       twilliams@mrrlaw.com

                                      */s/ Kevin M. Gross*
                                      Lewis A. Zipkin, Esq. (0030688)
                                      Kevin M. Gross, Esq. (0097343)

                                      *Counsel for Plaintiffs Blake and Jacalyn Rogers*