UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BLAKE ROGERS, et al., | ) | CASE NO.:  1:20-CV-2568 |
| | ) | |
| Plaintiffs, | ) | JUDGE:  J. PHILIP CALABRESE |
| | ) | |
| vs. | ) | **DEFENDANTS' REPLY IN SUPPORT** |
| | ) | **OF MOTION FOR JUDGMENT ON THE** |
| MARTIN HORWITZ, et al., | ) | **PLEADINGS** |
| | ) | |
| Defendants. | ) | |

Now come Defendants Martin Horwitz, Gary Haba, Diane Calta, Nathalie Supler, James Pasch and the City of Beachwood, by and through counsel, and hereby submit this reply brief in support of their Motion for Judgment on the Pleadings.  The Second Amended Complaint fails to state a claim for retaliatory discharge because the Court lacks jurisdiction to hear this claim. Alternatively, Plaintiffs fail to state a claim for which relief can be granted because the state law retaliatory discharge claim is wholly devoid of factual support for their legal conclusions.

As established in this Reply and Defendants' Motion for Judgment on the Pleadings, Plaintiffs' claim fail as a matter of law and should be dismissed.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Terence L. Williams*
JOHN T. MCLANDRICH  (0021494)
TERENCE L. WILLIAMS  (0081363)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906; (440) 248-8861 – Fax
Email:   jmclandrich@mrrlaw.com
            twilliams@mrrlaw.com
*Counsel for Defendants Martin Horwitz, Gary Haba, Diane Calta, Nathalie Supler, James Pasch and the City of Beachwood*

<u>**BRIEF IN SUPPORT**</u>

**I.     PLAINTIFFS FAIL TO MEET A CONDITION PRECEDENT NECESSARY TO ESTABLISH SUBJECT MATTER JURISDICTION TO HEAR THE RETALIATION TERMINATION CLAIMS.**

Plaintiff Blake Rogers (hereinafter "Rogers") does not dispute that his employment with the City of Beachwood is governed a collective bargaining agreement which requires binding arbitration for any "dispute or difference between the City and the F.O.P., or between the City and an employee other than probationary employees, concerning the interpretation and/or application of any provision of this Agreement **and any disciplinary actions**."  (See ECF 25-1, PgID# 447-450.)  (Emphasis added.)

Rogers argues that his R.C. § 4112.02(I) is not a challenge to the discipline itself, but is asserting a stand-alone claim for retaliation.  However, despite Rogers' opposition, his claim is actually a challenge to the validity of his termination despite his attempt to couch it as a statutory retaliation claim.

Rogers points to *Lingle*, to establish that a state-law retaliatory discharge claim was "independent" of the collective-bargaining agreement because resolution of the state-law claim does not require construing the collective-bargaining agreement.  *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 407 (1988).  However, *Lingle* specifically addressed the potential preemption by §301 of the Labor Management Relations Act of state-law tort remedy.  *Lingle*, at 1877-1878.  The *Lingle* court noted that its decision is clear that interpretation of collective-bargaining agreements remains firmly in the arbitral realm.  *Lingle*, at 1884.  The *Lingle* court does state that a state-law tort of retaliatory discharge creates rights independent of those established by the

collective bargaining agreement as long as it does not require interpretation of collective-bargaining agreement. *Lingle*, at 1885.

However, neither *Lingle* nor any other case cited by Plaintiff, analyze the impact R.C. § 4117.10 has on the interplay between mandatory arbitration and the collective bargaining agreement. It was this issue that the *Gamble* and *Lowe* cases addressed. The *Gamble* court held that a plaintiff's discrimination claim required interpretation of the CBA to determine the validity of the disciplinary action against the employee. *Gamble v. Greater Cleveland Reg'l Transit Auth.*, No. 1:15 CV 1219, 2015 WL 5782073 (N.D. Ohio Sept. 30, 2015), *aff'd*, No. 15-4208, 2017 WL 5135537 (6th Cir. June 2, 2017). *Gamble* determined that the employee "should not be permitted to skirt O.R.C. § 4117 by converting a state law contract claim into a federal cause of action simply by alleging that a breach was discriminatory. *Gamble*, at *3.

Additionally, the *Lowe* court found that claims of retaliation were predicated on allegedly wrongful conduct directly related to the terms and conditions of his employment and were preempted by the collective bargaining agreement. *Lowe v. Ohio Dep't of Admin. Servs.* 2004-Ohio-2766, ¶9 (Ct. of Claims, 2004). As a result, the court lacked jurisdiction to decide matters that were subject to a final and binding grievance procedure. *Lowe*, at ¶12. Further, when considering the impact of O.R.C. § 4117.10 on these type of claims, political subdivisions have been found exempt from federal jurisdiction in an action by a union employee who seeks relief under a CBA. *Roulhac v. Southwest Regional Transit Authority*, 2008 WL 920354 (S.D. Ohio 2008).

Plaintiff ostensibly is arguing that his termination (the discipline instituted by the City of Beachwood pursuant to the CBA) was improper based on inadequate grounds for his alleged

justifiable use of force on June 27, 2019.  This challenge is contractual in nature, despite Rogers' attempt to couch his retaliation claim as statutory and not contractual under the CBA.  Rogers should not be permitted to skirt O.R.C. § 4117 by converting a state law contract claim into a statutory claim to avoid the ramifications of pursuing the challenge to his discipline under the CBA.  *Gamble*, at *3.

Rogers alleges that his retaliatory discharge is separate and distinct from any question relating to the application of collective bargaining agreement to his discipline, including his termination.  Using Rogers' logic, the City of Beachwood would be unable to take any disciplinary action against him while the current litigation is pending, which defeats the very purpose of the collective bargaining agreement governing discipline with Rogers, as a member of the collective bargaining unit.

Rogers challenges the discipline instituted by the City of Beachwood claiming that the reasoning for his termination was inadequate grounds for that termination.  As such, Rogers' retaliation claim turns on the interpretation of the CBA and whether he could be terminated for his action under the terms of that CBA and is actually based on his contractual rights and not his rights under O.R.C. § 4112.02.

## II. ASSUMING ARGUENDO, THE COURT HAS JURISDICTION TO HEAR THE O.R.C. § 4112.02 CLAIM, PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The elements required to establish retaliation under O.R.C. § 4112.02 are identical to those required to establish a claim under Title VII.  *Smith v. Board of Trustees Lakeland Community College*, 746 F.Supp.2d 877, 900 (N.D. Ohio 2010).  To establish a claim for retaliation, a plaintiff must show that: (1) he engaged in protected activity; (2) his employer knew he participated in the

activity; (3) he suffered an adverse employment action and (4) there is a causal connection between the protected activity and the adverse action.  *Smith*, 746 F.Supp.2d at 900; citing *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 578 (6th Cir.2000).  Critically, the plain language of O.R.C. § 4112.02(I) provides a "cause-in-fact" causation standard, so that a Plaintiff must establish that the protected activity was "**the**" reason for the adverse employment action.  *Wholf v. Tremco, Inc.*, 26 N.E.3d 902, 2015-Ohio-171, ¶¶29, 44 (8th Dist.2015).  The *Wholf* court further states that in that matter "had the employer established a legitimate, nondiscriminatory reason for its action, it would have voided liability under R.C. § 4112.02(I) applying the "but-for" causation.  *Wholf*, at ¶41.

Here, Rogers' Second Amended Complaint establishes the legitimate nondiscriminatory reason for its actions so that the City of Beachwood cannot be liable.  Plaintiff's Second Amended Complaint is wholly devoid of factual support for this claim.  As a result, under the *Twombly* standard, his Second Amended Complaint should be dismissed because of its sole recitation of the legal standard to establish the retaliation claim.

**III.  DEFENDANT HOROWITZ IS ENTITLED TO STATUTORY IMMUNITY AS TO PLAINTIFF'S STATE LAW DISCRIMINATION AND RETALIATION CLAIMS UNDER O.R.C. § 4112.**

Despite Plaintiff's opposition to the contrary, Defendant Horwitz is entitled to immunity under R.C. § 2744.03(A)(6) as to Rogers' O.R.C. § 4112.02 claim.  *Zumwalde v. Madeira & Indian Hill Joint Fire* Dist., 128 Ohio St.3d 492, 2011–Ohio–1603; see also *Mayes v. Columbus*, 105 Ohio App.3d 728 (1995).

5

As noted by the Northern District of Ohio in *Wondrak v. Cleveland Metropolitan School District*, 2019 WL 6683197 (N.D. Ohio 2019), pursuant to *Hauser v. City of Dayton Police Dept.*, 140 Ohio St.3d 268, 214-Ohio-3636 (2014):

> …, the Ohio Supreme Court held that R.C. 4112 does not "expressly impose" civil liability on political subdivision employees so as to trigger any exception to immunity under Ohio Revised Code § 2744.03(A)(6). *Hauser*, supra at 273.

As noted by the Court *Wondrak*:

> Thus, employees of political subdivisions, according to the Ohio Supreme Court in *Hauser*, cannot be held individually liable for discrimination because they are immune under R.C. 2744.03.

*Wondrak*, supra at *6.

Rogers can point to no authority specifically holding that R.C. § 4112.02(I) expressly imposes liability on an employee so as to exempt the application of immunity. As a result, R.C. § 4112.02(I) does not expressly impose liability and he is entitled to immunity.

Additionally, Plaintiff's Second Amended Complaint contains no allegations of recklessness, wantonness, malice or bad faith as it related to the alleged retaliation termination. Thus, while Plaintiff may not be required to anticipate the defenses of a political subdivision, the Plaintiff is still required to plead sufficient facts on which relief can be granted. A court can still grant a motion to dismiss premised on an affirmative defense when it is "apparent from the fact of the complaint that the defense is available. *Scharbrough v. S. Cent. Ohio Job & Fam. Servs.*, No. 2:20-CV-4527, 2021 WL 2314848, at *20 (S.D. Ohio June 7, 2021); citing Monar v. City of Green, 140 N.E.3d 1208, 1213 (Ohio Ct. App. 2019).

Here, it is apparent that immunity is available for Defendant Horowitz on the face of Plaintiff's complaint. As an employee of the City of Beachwood, Defendant Horowitz is entitled

6

to immunity except in certain limited situations, none of which apply under the allegations of Plaintiffs' Second Amended Complaint.

Based on the foregoing, Defendant Horowitz is entitled to state law immunity from the allegations of Count 21 of Plaintiffs' Second Amended Complaint.

### IV. CONCLUSION

Defendants Horwitz and the City of Beachwood request that Plaintiff's Second Amended Complaint be dismissed.

                        Respectfully submitted,

                        MAZANEC, RASKIN & RYDER CO., L.P.A.

                        *s/Terence L. Williams*
                        JOHN T. MCLANDRICH  (0021494)
                        TERENCE L. WILLIAMS  (0081363)
                        100 Franklin's Row
                        34305 Solon Road
                        Cleveland, OH  44139
                        (440) 248-7906
                        (440) 248-8861 – Fax
                        Email:  jmclandrich@mrrlaw.com
                                  twilliams@mrrlaw.com

                        Counsel for Defendants Martin Horwitz, Gary Haba, Diane Calta, Nathalie Supler, James Pasch and the City of Beachwood

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021, a copy of the foregoing Defendants' Reply in Support of Motion for Judgment on the Pleadings was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Terence L. Williams*
JOHN T. MCLANDRICH  (0021494)
TERENCE L. WILLIAMS  (0081363)

Counsel for Defendants Martin Horwitz, Gary Haba, Diane Calta, Nathalie Supler, James Pasch and the City of Beachwood

NORMA-200246/Ds RIS of MJOP