UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BLAKE ROGERS, et al., | ) | CASE NO.:  1:20-CV-2568 |
| | ) | |
| Plaintiffs, | ) | JUDGE:  DAVID A. RUIZ |
| | ) | |
| vs. | ) | **BEACHWOOD DEFENDANTS'** |
| | ) | **OPPOSITION TO PLAINTIFFS'** |
| MARTIN HORWITZ, et al., | ) | **MOTION TO LIFT STAY** |
| | ) | |
| Defendants | ) | |
| | ) | |

Now come Defendants Martin Horwitz, Gary Haba, Diane Calta, Nathalie Supler, James Pasch and the City of Beachwood, by and through counsel, and hereby submit this opposition to Plaintiffs' Motion to Lift Stay and Commence Formal Discovery.  Defendants state that the same reasons for the institution of the original stay still exist such that the stay should remain in place.

As stated by Plaintiff, when this case was on the docket of Judge J. Philip Calabrese, Judge Calabrese authorized limited document production related to the Defendants' non-privileged emails.  (See Jan. 13, 2021 Order, ECF 19).  Any additional discovery was stayed pending the briefing and decision on the Defendants' Motions for Judgment on the Pleadings.[1]  The reason for the current stay, Defendants' pending dispositive motion, remains as the Court has yet to issue a decision on the same.

Defendants submit that their Motion for Judgment on the Pleadings is a dispositive motion raising the defense of statutory immunity for Plaintiffs' state law claims.  As such, Defendants should not be required to bear the burden and costs associated with discovery until their Motion for Judgment on the Pleadings has been ruled upon.  Therefore, Defendants assert that it is

---

[1] Due to the multiple Amended Complaints and pending Motions for Judgment on the Pleadings to those Amended Complaints, Defendants only referenced the arguments from the prior Motions but the Motions seek dismissal of all of Plaintiffs' claims.

appropriate and well within the discretion of this Court to issue an order staying discovery pending adjudication of Defendants' Motion for Judgment on the Pleadings.

This Court has the discretion to stay civil proceedings, postpone civil discovery, or impose protective orders or other conditions "when the interests of justice seem[ ] to require such action, sometimes at the request of the prosecution, ... sometimes at the request of the defense." *Securities and Exch. Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375 (D.C.Cir.1980) (quoting *United States v. Kordel,* 397 U.S. 1, 12 n. 27 (1970). "[I]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.C.2001); *see also Sprague v. Brook,* 149 F.R.D. 575, 578 (N.D.Ill.1993); *Hachette Distrib., Inc. v. Hudson County News Co.,* 136 F.R.D. 356, 358 (E.D.N.Y.1991) (citations omitted); *Simpson v. Specialty Retail Concepts,* 121 F.R.D. 261, 263 (M.D.N.C.1988).

In fact, the above rationale is precisely the reason for the current stay.  It would be unjust and unfair to require Defendants to incur the expense of discovery in light of the pending dispositive motion now before this Court.  This Court's granting of Defendants' motion could result in the dismissal of all claims in this matter, thus relieving Defendants of the need to respond to any written discovery requests.  This would allow Defendants to conserve resources and limit unnecessary expenditures, the exact rationale on which immunity is based.

Additionally, if this Court dismissed some, but not all, of Plaintiffs' claims, the focus of the parties regarding the subject matter of any additional written discovery or depositions would have to be adjusted accordingly.  As a result, it would be to the benefit of all parties involved for the Court to leave the current stay in place until the Court has had time to rule of Defendants' Motion for Judgment on the Pleadings.

2

It is well established that discovery should be stayed while the issue of immunity is before a trial court for consideration. *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Kennedy v. City of Cleveland,* 797 F.2d 297, 300 (6th Cir.1986), *cert. denied,* 479 U.S. 1103, 107 S.Ct. 1334, 94 L.Ed.2d 185 (1987). When a defendant official seeks immunity, "a ruling on that issue should be made early in the proceedings so that **costs and expenses of trial are avoided** where the defense is dispositive." *Saucier v. Katz*, 533 U.S. 194, 200 (2001).

Addressing Ohio statutory immunity, a trial court is within its discretion to grant the stay of discovery pending resolution of a dispositive motion. *State ex rel. DeWine v. Helms,* 9th Dist. Summit No. 28304, 2017-Ohio-7148, ¶ 13 citing *Thomson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP–782, 2010–Ohio–416, ¶ 32. "Included in this inherent authority over discovery matters is the 'discretion to stay discovery pending the resolution of motions that [are] potentially dispositive of the matter[.]'" *King v. Divoky*, 9th Dist. Summit No. CV 29769, 2021-Ohio-1712, ¶ 6 quoting *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, ¶ 10. "The purpose of a discovery stay during the pendency of a dispositive motion is to avoid the unnecessary expense and burden of discovery should the dispositive motion be granted." *King,* 2021-Ohio-1712, ¶ 21. *See White v. Cent. Ohio Gaming Ventures, LLC*, 10th Dist. Franklin No. 18AP-780, 2019-Ohio-1078, ¶ 15; *Watley v. Wilkinson*, 10th Dist. Franklin No. 03AP-1039, 2004-Ohio-5062, ¶ 18.

The manifest purpose behind R.C. Ch. 2744 is to conserve the fiscal integrity of political subdivisions. *Wilson v. Stark County Department of Human Services*, 70 Ohio St. 3d 450 (1994); *Doe v. Marlington Local School District Board of Education*, 122 Ohio St. 3d 12 (2009). Accordingly, the question of whether immunity may be involved is a purely legal issue, properly

determined by a court prior to trial and preferably on a motion for summary judgment. *Goad v. Cuyahoga County Board of Commissioners*, 79 Ohio App. 3d 521 (1992). "Early resolution of the issue of whether a political subdivision is immune from liability pursuant to R.C. Chapter 2744 is beneficial to both of the parties." *Curry v. Blanchester*, 12th Dist., 2009-Ohio-1649, ¶ 25. If this Court determines Defendants are immune, the result will be a substantial savings of costs and attorney fees to the Defendants which ultimately serves the purpose behind R.C. Chapter 2744.

Because a dispositive motion raising the issue of statutory immunity is now pending before this Court, Defendants submit that they are entitled to a ruling on the issue of immunity, before being required to proceed with respect to the discovery process. The current stay prevents a potential multitude of unnecessary expenditures that accompany the discovery process.

Therefore, Defendants respectfully request that this Honorable Court deny Plaintiffs' Motion to Lift the Stay until a decision on the pending Motion for Judgment on the Pleading has been reached.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Terence L. Williams*
JOHN T. MCLANDRICH  (0021494)
TERENCE L. WILLIAMS  (0081363)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   jmclandrich@mrrlaw.com
         twilliams@mrrlaw.com

Counsel for Defendants Martin Horwitz, Gary Haba, Diane Calta, Nathalie Supler, James Pasch and the City of Beachwood

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023, a copy of the foregoing ***Beachwood Defendants' Opposition to Plaintiffs' Motion to Lift Stay*** was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Terence L. Williams*
TERENCE L. WILLIAMS  (0081363)

Counsel for Defendants Martin Horwitz, Gary Haba, Diane Calta, Nathalie Supler, James Pasch and the City of Beachwood