UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BLAKE ROGERS, et al., | ) | CASE NO.: 1:20-CV-2568 |
| | ) | |
| Plaintiffs, | ) | JUDGE: DAVID A. RUIZ |
| | ) | |
| vs. | ) | **DEFENDANTS' BRIEF REGARDING** |
| | ) | **IMPACT OF INTERIM EVENTS** |
| MARTIN HORWITZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now come Defendants, Martin Horwitz, Gary Haba, Diane Calta, Nathalie Supler, James Pasch and the City of Beachwood, by and through counsel, and hereby submit Defendants' Brief Regarding the Impact of Interim Events on Plaintiffs' claims in this litigation.

**I.  CURRENT CASE POSTURE AND INTERIM EVENTS**

As this Court noted in its recent Order since the filing of Plaintiffs' Supplemental Second Amended Complaint, the termination of Plaintiff Blake Rogers has been the subject of binding arbitration under the applicable collective bargaining agreement, an appeal to the Cuyahoga County Court of Common Pleas, a subsequent appeal to the State of Ohio Eighth District Court of Appeals and a settlement agreement between the City and the FOP as the exclusive bargaining representative of Mr. Rogers and as the owner of the grievance related to his termination.  As a part of that settlement, the appeal to the Ohio Eighth District is to be dismissed, Rogers is reinstated, subject to physical and psychological fitness for duty and recertification as a police officer with the State of Ohio and is receiving back pay and back benefits.  Copies of the Arbitration decision, the Common Pleas decision and the settlement agreement are attached hereto as Exhibits 1, 2 & 3 respectively.  All of these exhibits are public record.

The impact of these events are significant. Further, Defendants' Motion for Judgment on the Pleadings remains pending. Additionally, Plaintiffs' current Complaint fails to state a claim upon which relief can be granted.

## II. IMPACT OF INTERIM EVENTS ON PENDING CLAIMS

The Arbitration decision, its affirmance by the Court of Common Pleas and the resulting settlement have a number of significant impacts on Plaintiffs' claims.

> It is well-established that under Article III of the United States Constitution, a federal court may only adjudicate actual, ongoing controversies. *Honig v. Doe*, 484 U.S. 305, 317, 108 S.Ct. 592, 601, 98 L.Ed.2d 686 (1988). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to a defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990). A dispute between the parties which was very much alive at the time the suit was filed, but which no longer presents a live concern, cannot substitute for the actual case or controversy that an exercise of this Court's jurisdiction *1197 requires. *Honig,* 484 U.S. at 317, 108 S.Ct. at 601. *Sutton v. Evans*, 845 F. Supp. 1192, 1196-1197 (M.D. Tenn. 1994)

First, and most obvious, of these effects is that any claim alleging or related to a wrongful or retaliatory discharge are moot given that the discharge has been vacated and Rogers reinstated subject to demonstrating his fitness and qualification to be a police officer. There is simply no longer any ongoing case or controversy related to any claim of reinstatement, back wages, back benefits, interest or front pay.

Secondly, the Arbitration, the appeal and affirmance and the resulting settlement demonstrate that the structure of the remedies created by the law of the State of Ohio. That is to say, pursuant to O.R.C. 4117.10, the binding arbitration under the collective bargaining agreement was and is the sole and exclusive remedy for the alleged wrongful termination. Ohio clearly provides that the binding arbitration remedy of the collective bargaining agreement is the sole and exclusive remedy. That remedy has now resulted in the reinstatement of Mr. Rogers, with back pay, back benefits and interest. *State ex rel. Waiters v Szabo*, 129 Ohio St. 3d. 122, 124 (2011).

2

Reinstatement also obviously moots any claim for front pay asserted in the Complaint.  See also *Workman v. Ravenna Arsenal, Inc*, 1973 WL 155, *5, (N. D. Ohio 1973) relying on *Spann v. Kaywood Div., Joanna Western Mills Co.*, 455 F. 2d 911, 912 (6th. 1972) finding an arbitration award as estoppel as to an issue of back pay recovery.

The Arbitration decision also demonstrates that there was a legitimate basis, even if ultimately disagreed with, to discharge Mr. Rogers and to refer the matter to the grand jury for review.  As the Arbitrator found, the use of deadly force was not justified.  However, the Arbitrator found termination was not justified for several other reasons.  This finding clearly demonstrates justification for the City's decision to terminate Rogers and to refer the matter to the prosecutor for possible presentation to the grand jury.  This finding establishes both a reasonable belief in probable cause for a violation of law and a reasonable basis for a termination.  Further federal law is clear that Equal Protection claims do not apply to employment law decisions.  *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008).  As such, no such Equal Protection type disparate treatment claim can survive.  Even independent of recent events, this claim fails to state a claim.

The arbitration decision also resolved any claim related to the issues surrounding Rogers claim that he was fit for duty, was entitled to some accommodation for his workers' compensation oriented physical and psychological injuries.  The Arbitrator ordered that the City determine what light duty or limited duty Rogers would have been entitled to perform and to compensate him accordingly.  Any claim related to ability to perform his duties and any entitlement to accommodation during the period of his termination was resolved by the Arbitration decision.  Equally importantly, any dispute about Rogers' entitlement to back pay or benefits related to the claim for accommodation or light duty was resolved in the parties' settlement agreement and is

barred by that accord and satisfaction and estoppel.  This sole and exclusive remedy bars any state law claim on these issues and moots any possible related federal claim, bars it by estoppel and by accord and satisfaction.

The clear probable cause demonstrated by the Arbitrator's decision demonstrates the malicious prosecution claims are without merit.  Rogers is estopped from arguing otherwise.

The conspiracy claims also fail based on the inter-corporate conspiracy doctrine, as well as based on the lack of any underlying violation.  See *Jackson v. City of Cleveland*, 925 F. 3d 793, 818 (6th Cir. 2019) holding the intracorporate conspiracy doctrine bars conspiracy claims in section 1983 cases where two or more employees of the same entity are alleged to have been acting within the course and scope of employment conspired together to deprive a plaintiff of his rights.

The Arbitration decision and the settlement agreement mandating a fitness for duty examination, as provided for in the collective bargaining agreement, demonstrate that the ADA claim is moot and/or premature.  The extent of any impairment, Rogers' ability to perform the essential functions of his job and what, if any, accommodations are reasonable or possible will be determined between the parties by the fitness for duty examinations and the resulting determination.  Further, Rogers does not allege he ever identified or requested a specific reasonable accommodation.  Failure to request a reasonable accommodation is fatal to such a claim.  *Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 634 (6th Cir. 1998);  See also *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1183 (6th Cir.1996). Certainly any issue of reasonable accommodation was not a live controversy during the time of his termination and is not alive controversy at this time until his fitness for duty is resolved.

The fitness for duty exam is permissible under the ADA as job related and consistent with business necessity. 42 U.S.C. § 12112(d)(4)(A); see *Babb v. Maryville Anesthesiologists P.C.*, 942

4

F.3d 308, 321 (6th Cir. 2019) *Pena v. City of Flushing,* 651 Fed. Appx. 415, 420-421, (6th Cir. 1996).

Additionally, the law is clear that there is no individual liability under the ADA or FMLA and in that regard those claims fail as well. *Hiler v. Brown*, 177 F. 3d 542, 546 (6th Cir. 1999) *Mitchell v. Chapman,* 343 F, 3d 811, 825-826 (6th Cir. 2003), respectively.

With respect to any retaliation claim, whether FMLA or ADA, etc., any claim for back wages, benefits or other damages are moot based on the settlement that has awarded any lost pay for the period of termination. Note, that prior to termination it is undisputed that Rogers was on paid administrative leave.

The 'Occupational Liberty' claim, while it fails to state a claim based on the failure to request any name clearing hearing, is also mooted. *Ludwig v. Bd. of Trustees*, 123 F. 3d 404, 410 (6th. 1997) holding a failure to request a name clearing hearing is fatal to such a claim. The Settlement Agreement provides for a statement to be placed in Rogers' personnel file which addresses any reputational issues, stating that: "In compliance with the Arbitration Award, Officer Rogers is being reinstated in good standing as if he had not been terminated because the Arbitrator did not make a finding Rogers' shooting was racially motivated and did not find that Officer Rogers was dishonest about the shooting." This relief is the only relief available under a Fourteenth Amendment liberty interest claim, had it been properly asserted, to place a statement of the employee's position in their personnel file, like the issue of back wages, the acceptance of this relief under the Arbitration Award estopps Rogers from seeking additional relief on this claim and moots any possible remaining such claim.

5

### III. CONCLUSION

Based on the foregoing, Defendants assert that Plaintiff Rogers' claims for wrongful discharge, retaliatory discharge, Equal Protection, ADA, 'Occupational Liberty,' back wages, back benefits, interest, front pay are all moot or estopped by the interim events of the Arbitration awards, the Common Pleas Court decision affirming the Arbitration award, and the subsequent settlement.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/John T. McLandrich*
JOHN T. MCLANDRICH  (0021494)
TERENCE L. WILLIAMS  (0081363)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   jmclandrich@mrrlaw.com

*Counsel for Defendants Martin Horwitz, Gary Haba, Diane Calta, Nathalie Supler, James Pasch and the City of Beachwood*

### CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2023, a copy of the foregoing Defendants' Brief Regarding Impact of Interim Events was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/John T. McLandrich*
JOHN T. MCLANDRICH  (0021494)
TERENCE L. WILLIAMS  (0081363)

*Counsel for Defendants Martin Horwitz, Gary Haba, Diane Calta, Nathalie Supler, James Pasch and the City of Beachwood*