

140285719

Exhibit 2

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

CITY OF BEACHWOOD
    Plaintiff

Case No: CV-21-957347

Judge: PETER J CORRIGAN

FRATERNAL ORDER OF POLICE (BEACHWOOD
LODGE 86)
    Defendant

## JOURNAL ENTRY

96 DISP.OTHER - FINAL

OPINION AND ORDER ON MOTION TO VACATE ARBITRATION AWARD FILED. PLAINTIFF'S MOTION TO VACATE THE ARBITRATION AWARD IS DENIED. FINAL. OSJ.
COURT COST ASSESSED TO THE PLAINTIFF(S).
PURSUANT TO CIV.R. 58(B), THE CLERK OF COURTS IS DIRECTED TO SERVE THIS JUDGMENT IN A MANNER PRESCRIBED BY CIV.R. 5(B).  THE CLERK MUST INDICATE ON THE DOCKET THE NAMES AND ADDRESSES OF ALL PARTIES, THE METHOD OF SERVICE, AND THE COSTS ASSOCIATED WITH THIS SERVICE.

_____   2/23/23
Judge Signature             Date



FILED
2023 FEB 24 A 11: 40
CLERK OF COURTS
CUYAHOGA COUNTY

- 96
02/23/2023

Page 1 of 1

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF BEACHWOOD, | ) | CASE NO. CV-21-957347 |
| ET AL. | ) | |
| PLAINTIFF | ) | |
| | ) | JUDGE PETER J. CORRIGAN |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |
| FRATERNAL ORDER OF POLICE | ) | |
| (BEACHWOOD LODGE 86), | ) | |
| | ) | |
| DEFENDANT | ) | |

This case is before the court on Plaintiff City of Beachwood's Motion to Vacate an October 12, 2021 Arbitration Award (FMCS Case No. 210226-04390) pursuant to R.C. §2711.10 and §2711.13. For the following reasons, Plaintiff the City of Beachwood's Motion is denied.

### I.     Factual and Procedural History

Officer Blake Rogers ("Rogers") was terminated by the Beachwood Police Department on February 22, 2021. The following day, Rogers filed two grievances pursuant to the parties' Collective Bargaining Agreement.

Both grievances stem from an incident that occurred on June 27, 2019. The first grievance involves the termination of Rogers' employment. The second grievance concerns the City of Beachwood's ("Beachwood"), release of a Notice of Charges and Pre-Disciplinary Hearing pertaining to Rogers to a local news agency.

This court adopts the factual background provided in the arbitration award at issue,

1

pursuant to the provisions of R.C. § 2711, and provides the same below.[1]

### A. Factual Background

On the afternoon of June 27, 2019, the Beachwood Police Department (BPD) received information from Beachwood Place Mall Security that a theft was in progress at Dillard's, a store within the mall. Included was a description of the suspect, who was fleeing the scene of the alleged theft. Several BPD officers responded, including Officer Anthony Gray, Officer Patrick Szuhay, Lt. Chris Atterbury, and Officer Rogers.

Rogers arrived at the mall, driving east through the parking lot along the perimeter of Saks (another store at the mall), and saw what he believed to be the suspect hiding near some bushes. As Rogers approached in his cruiser, the suspect ran into the parking lot, to a gray Nissan[2], which was parked facing west. Rogers turned left (north) down an aisle in the parking lot, while the suspect entered the Nissan, which was to Rogers' right. Rogers stopped his cruiser and exited. Moving around the front of his cruiser toward the Nissan, he drew his service weapon and repeatedly ordered the suspect to exit the vehicle.

The suspect started the vehicle and reversed from the parking spot, to the east, at a high rate of speed. He backed out of the parking space and into the aisle, positioning the vehicle to flee to the north. Just as he was backing from the space, Lt. Atterbury was arriving in a cruiser; driving north in the aisle the suspect had backed in to. Seeing this cruiser blocking his escape route, the suspect then accelerated back into the parking space he had exited, as Rogers was moving out of the space on foot, still issuing orders to the

---

[1] Beachwood filed supplemental information in an attempt to challenge certain factual findings of the arbitrator; however, Section 2911 limits the introduction of facts outside the existing record. Even so, these factual arguments raised by Beachwood are not persuasive to alter the factual findings of the Arbitrator.

[2] The Nissan is described variously as gray or silver, but is described as gray in the BCI reports.

suspect at gunpoint. As the suspect accelerated rapidly towards the officer, Rogers fired two rounds from his service weapon into the driver's side window as the suspect ran over Rogers' left foot. The suspect continued accelerating forward, struck a parked car while maneuvering past Rogers' cruiser, and fled the scene.

On the same date as the incident, BPD requested that the Ohio Attorney General's Office Bureau of Criminal Investigation (BCI) conduct an investigation of the incident. This verbal request was formalized by a letter, dated June 28, 2019, authored by BPD Chief Gary Haba.[3]

On July 9, 2019, Chief Haba authored a memorandum to Beachwood Mayor Martin Horwitz, requesting permission to place Rogers on paid administrative leave due to his involvement in an on-duty shooting. The leave was to begin June 28, 2019.

On October 28, 2019, BCI Special Agent Al Bansky submitted a summary report to the Ohio Attorney General's Office Special Prosecutions Section. In the course of the investigation, it was determined that Rogers' shots did, in fact, hit the suspect. The suspect was identified as Jaquan Jones (Jones), and he survived his wounds.

On December 30, 2019, the Ohio Attorney General's Office was appointed as special prosecutor for the case, and on March 31, 2020, Beachwood Director of Law Diane Calta was notified by Assistant Attorney General Micah Ault that the Attorney General's office determined it was not appropriate to pursue any misdemeanor charges.

---

[3] Gary Haba was Beachwood Police Chief at the time of the incident. During the course of events, he retired. Kelly Stillman was Police Chief at the time the termination was issued to Rogers.

3

At some point, the shooting of Jones by Rogers was referred to the Cuyahoga County Grand Jury. On October 8, 2020, the grand jury returned a "no bill", effectively ending the potential for any criminal charges being brought against Rogers.

On October 26, 2020, Jones pled guilty in Cuyahoga County Common Pleas Court to attempted felonious assault of Rogers, among other charges, for his actions in the mall parking lot.

On February 8, 2021, a Notice of Charges and Pre-Disciplinary Hearing (Notice) was emailed to Chuck Aliff, of the Fraternal Order of Police (Beachwood Lodge 86). The following day, the same Notice was provided to a staff reporter of the Cleveland Jewish News.

The pre-disciplinary hearing was held on February 18, 2021, as scheduled. Subsequently, Rogers was issued a termination dated February 22, 2021.

**B. Procedural History**

An arbitration hearing was conducted on July 30, 2021. The arbitrator overturned Rogers' termination because (1) "the City did not prove all of the charges it cited in the termination letter" and (2) "the city committed due process errors in its response to the grievant's actions." Award, p. 1. The arbitrator also found the City violated the CBA by releasing the Notice of Charges to the media. Id.

Pursuant to R.C. §§2711.13-.14, the City of Beachwood filed its Motion to Vacate/Modify Arbitration Award with this court on December 20, 2021. On January 26, 2022, the FOP filed its Motion to Confirm Arbitration.

On January 26, 2022, the FOP filed a Memorandum in Opposition to the City's Motion to Vacate and in Support of the FOP's Application to Confirm. On that same day,

4

the FOP filed a Motion to Strike the Exhibits, Post Hearing Briefs, and Transcripts attached to the City's Motion to Vacate/Modify.

The City of Beachwood filed its Opposition to the FOP's request for statutory interest on February 23, 2022.

At the request of the FOP, an oral argument hearing was set for April 26, 2022. Due to a conflict with this Court's criminal docket, the hearing was reset to May 23, 2022 by agreement of the parties. The hearing was held on May 23, 2022.

The City of Beachwood asks this court to vacate/modify the arbitrator's award, namely, Beachwood disagrees with the arbitrator's conclusion that Rogers may remain on the police force. The FOP argues the arbitrator's award is valid and should be confirmed by this court. The court granted leave for the NAACP to file an Amicus Brief.[4] Its position in favor of Beachwood was filed October 17, 2022. For the reasons that follow, the court confirms the decision of the Arbitrator.

## II.    Law and Argument

### A.  Legal Standard

R.C. Chapter 2711 provides the mechanism to vacate an arbitrator's award. R.C. §2711.10 requires a court to vacate when: (A) The award was procured by undue means; (B) there was evident partiality by the arbitrator; (C) the arbitrator was guilty of misconduct prejudicing the rights of any party; or (D) the arbitrator exceeded his powers.

The scope of judicial review of arbitration awards is set forth in O.R.C. § 2711.10.

---

[4] In sum, the NAACP suggests Rogers' actions were unconstitutional and therefore the termination was for just cause. The record of proceedings lacks any previously raised constitutional challenge. Specifically, there was no constitutional challenge raised within Jones' criminal matter, and, no party instituted a claim for a federal civil rights violation. This court's review is limited to the record herein and the record lacks evidence of a constitutional violation.

5

Such a review is limited to very narrow and precise conditions. The Supreme Court of Ohio

set forth the reasons for placing limitations upon the judicial review of awards in arbitration

cases in *Goodyear v. Local Union No. 200* (1975), 42 Ohio St.2d 516. In *Goodyear*, the

Court constructed a standard of review equivalent to the standard established in the

"Steelworker's Trilogy" cases decided by the United States Supreme Court. *United*

*Steelworkers of America v. American Manufacturing Co.* (1960), 363 U.S. 564, 80 S. Ct.

1347; *United Steelworkers of America v. Warrior & Gulf Navigation Co.* (1960), 363 U.S.

574, 80 S. Ct. 1347; *United Steelworkers of America v. Enterprise Wheel and Car Corp.*

(1960), 363 U.S. 593, 80 S. Ct. 1358. The Court in *Goodyear* held:

> Were the arbitrator's decision to be subject to reversal because a reviewing court
> disagreed with findings of fact or with an interpretation of the contract, arbitration
> would become only an added proceeding and expense prior to final judicial
> determination. This would defeat the bargain made by the parties and would defeat
> as well the strong public policy favoring private settlement of grievance disputes
> arising from collective bargaining agreements.

*Goodyear* at 520.

In Ohio, the line of cases begins with the Supreme Court severely limiting the scope

of judicial review of an arbitrator's decision. "[A] reviewing court's inquiry into whether

the arbitrator exceeded his authority, within the meaning of R.C. Section 2711.10(D) is

limited." *Findlay City School Dist. Bd. Of Educ. v. Findlay Educ. Assn.* (1990), 49 Ohio

St.3d 129 (syllabus paragraph 1). "Once it is determined that the arbitrator's award draws

its essence from the collective bargaining agreement and is not unlawful, arbitrary or

capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award

pursuant to R.C. Section 2711.10(D) is at an end..." *Id.* (syllabus paragraph 2). For an

arbitration award to draw its essence from the CBA, there must be a rational nexus between

the agreement and the award. *Mahoning Cty. Bd. Of Mental Retardation v. Mahoning Cty.*

6

*TMR Education Assn.*, (1986) 22 Ohio St.3d 80, 488 N.E.2d 872, paragraph one of the syllabus. In *Ohio Office of Collective Bargaining v. Ohio Civil Service Employees Assn.*, Local 11, (1991) 59 Ohio St.3d 177, 572 N.E.2d 71 (syllabus), the Ohio Supreme Court refined the standard set forth in Findlay. "An arbitrator's award departs from the essence of a collective bargaining agreement when: (1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement." An ambiguity in the opinion is not a reason for vacating the award. *Goodyear Tire & Rubber Co. v. Local Union No. 200*, (1975) 42 Ohio St.2d 516 (syllabus paragraph 1). (emphasis added). The Supreme Court has stated that the finality of arbitration is essential to its utility. "The whole purpose of arbitration would be undermined if courts had broad authority to vacate an arbitrator's award." *Mahoning County* at 83-84, *supra*. An arbitration award may not be vacated or modified unless it is unlawful, arbitrary or capricious because:

> [T]he only way to give effect to the purposes of arbitration is to give lasting effect to the decisions rendered by an arbitrator whenever that is possible. If a motion to vacate an arbitrator's award is granted, the arbitration method of conflict resolution becomes less speedy and more expensive and the advantage of unburdening crowded court dockets becomes less of an advantage (or no advantage at all).

*City of Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc.*, (1990) 52 Ohio St.3d 174, 176.

When parties agree to submit their dispute to binding arbitration, they agree to accept the result, regardless of its legal or factual accuracy. *Cleveland v. Fraternal Order of Police*, Lodge No. 8, 76 Ohio App.3d 755, 758 (1991), citing *Goodyear, supra*. The trial court may not consider the award's merits, its substantive aspects. This limitation means that the trial court must be deaf to claims that an arbitrator made factual or legal errors.

7

*Piqua v. FOP/OLC, Inc.*, 185 App.3d496, 2009-Ohio-6591 (2009).

Under Ohio law a court may vacate an arbitration award based on four limited criteria set forth in R.C. §2711.10. Section 2711.10 sets forth narrow grounds upon which a court may vacate an arbitration award, which are limited to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his/her authority. *Warren Ed. Ass 'n v. Warrant City Bd. Of Ed.*, 18 Ohio St.3d 170,173-174 (1985).

### B. Plaintiff City of Beachwood's Arguments in Support of Vacating the Award

The Plaintiff relies on R.C. §2711.10(D) as the basis for its motion to vacate. That section provides for a court to vacate if: (D) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

The Plaintiff asserts six arguments in its Motion to Vacate. The first argument is that the arbitrator exceeded his authority by finding that Beachwood violated the CBA by improperly releasing information. The second argument is that the court should vacate the Award to eliminate back pay. The third and fourth arguments are based on the arbitrator finding that Beachwood violated the grievant's due process rights under *Loudermill*. The Fifth argument is that the arbitrator found no just cause to support the termination. Lastly, Beachwood argues that arbitrator's award violates public policy by reinstating the officer.

The Plaintiff does not allege that the Arbitrator was without authority to decide the just cause, only that he decided it incorrectly. The Plaintiff disagrees with the result of the Arbitrator's factual and legal conclusions. Dissatisfaction with the Arbitrator's legal and factual conclusions is not grounds to vacate an Arbitrator's award pursuant to R.C. §2711.10(D). *Cleveland v. FOP Lodge 8, supra.*

8

## C. Arguments in Support of Upholding the Arbitrator's Determination

The sole issues before the arbitrator were: 1) Whether just cause existed for the termination; and, 2) whether the manner in which the City released the Notice of Charges and Pre-Disciplinary Hearing notice to the press violated the Collective Bargaining Agreement.

Arbitrator Beebe applied the just cause standard as he interpreted it from the Collective Bargaining Agreement. (Exhibit #B). His consideration of "just cause" included all of the facts and evidence submitted to him at the arbitration hearing. The parties' Collective Bargaining Agreement does not define the term "just cause" and there are no restrictions on the remedies the Arbitrator may impose. The parties stipulated that Arbitrator Beebe had the authority to both define and determine "just cause". In reaching his decision, the Arbitrator found Beachwood failed to carry its burden that "just cause" existed. If no "just cause" existed, the parties authorized Arbitrator Beebe to fashion a remedy. This is exactly what he did. Therefore, there is a clear rational nexus between the parties Collective Bargaining Agreement and the Award. As long as the Arbitrator is arguably construing the contract, the trial court is obliged to affirm its decision. *Ohio Dept., of Adm. Servs., v. Fraternal Order of Police of Ohio, Inc.*, 2017-Ohio-1382 (Apr. 13, 2017).

The City failed to prove that the Arbitrator's award exceeded his authority. Beachwood has provided no provision of the Collective Bargaining Agreement that prohibits the arbitrator from finding no just cause existed. In addition, Beachwood has failed to demonstrate that the arbitration award conflicts with an express provision of the Collective Bargaining Agreement. Arbitrator Beebe found, from the evidence submitted to him, that Beachwood did not meet its burden of proving that just cause existed for

9

termination. This Court agrees with those findings and plaintiff has not proved the findings were unlawful, arbitrary, or capricious. *Findlay City School Dist. Bd. Of Educ. v. Findlay Educ. Assn.* (1990), 49 Ohio St.3d 129.

The FOP presented evidence that the Media received the Pre-Disciplinary Notice contemporaneously with the FOP. This release was before the Pre-Disciplinary hearing and final interdepartmental ruling had been made and contrary to the CBA. The arbitrator held that the FOP had met its burden of proof with a prima facie case. The arbitrator then shifted the burden to Beachwood to prove that they had made reasonable efforts consistent with applicable law to withhold the information until the issuance of a final interdepartmental ruling.

Beachwood offered no evidence that reasonable efforts had been made. Beachwood offered no evidence that the disclosure was in response to a valid public records request. Beachwood offered no evidence how the media contemporaneously knew about the Pre-Disciplinary Notice with its service on the FOP. The arbitrator ruled consistent with the CBA in this matter and a shifting burden of proof is well within the arbitrator's authority to determine.

Beachwood explicitly authorized the arbitrator to create a remedy, if a violation was found. Neither party placed a restriction upon the arbitrator. In addition, under *Queen City*, the Ohio Supreme Court stated that an arbitrator has implicit remedial power to create a remedy. *Queen City Lodge No. 69, FOP, Hamilton Cty., Ohio, Inc. v. City of Cincinnati*, 63 Ohio St.3d 403, 588 N.E.2d 802 (1992).

Damages are not normally included in a termination arbitration; therefore, the arbitrator explicitly retained jurisdiction over this matter. The parties may follow the

award, or attempt to reach an agreement on damages, mitigation, etc. The matter is returned to the arbitrator to determine the damages if necessary.

The grievance in this matter asserted a violation of Article 7.1, Section 2, which the Employer agrees is the contractual incorporation of *Loudermill* due process. The grievant timely asserted a *Loudermill*/due process violation.  A party is not required to raise due process or *Loudermill* separately, particularly because due process is part of the just cause analysis. Just cause requires due process. The Eighth Appellate District has stated, "[d]ue process is always a potential issue in a hearing reviewing the termination of a public employee." *Cuyahoga Metro. Hous. Auth. v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 2017-Ohio-190, Cert. Denied. The due process issue was repeatedly raised, and Beachwood did not provide the reasons behind the discipline. Beachwood's refusal to provide the reasoning for the proposed discipline clearly violated Rogers' due process rights.

The arbitrator recognized that just cause requires that due process must be satisfied. The City agreed that the arbitrator could define just cause, which he did. Under the *Loudermill* decision, the US Supreme Court granted due process rights in the termination of public employees. A Collective Bargaining Agreement can grant more due process rights but not less than *Loudermill* provides. The CBA requires that the City inform the grievant for the reasons for the proposed discipline. Most importantly, allegations of an improper use of force does not permit the City to violate Constitutional due process or violate the terms of a Collective Bargaining Agreement. Beachwood refused to provide the reasons behind the termination. Instead, they merely stated: 1) he failed to properly perform his duties as it relates to the officer involved shooting on June 27, 2019, and 2) was not

11

entirely honest and forthcoming about the shooting. At the pre-disciplinary hearing, when specifically asked how Officer Rogers violated any of the policies listed or how he was dishonest, Beachwood failed to specify these allegations merely referring the FOP to read the BCI report and watch the video. The FOP was unable to adequately defend Officer Rogers, without that information. Even at the arbitration, Officer Rogers was still not informed of how he was dishonest or violated any policy. The first time the FOP was informed was in the post-hearing brief. As noted by the arbitrator, the prejudice is self-evident.

The record indicates the Union presented testimonial and documentary evidence purporting to show that Officer Rogers was treated disparately when compared to other officers in same or similar situations. Specifically, the other officers were provided detailed accounts of the allegations against them and Officer Rogers was not provided the same. The discipline was also disparate. The record lacks evidence to rebut the disparate treatment claim.

The parties stipulated that the case was properly before the arbitrator for a decision on the merits and that the issue before the arbitrator was just cause. The parties agreed that the arbitrator was empowered to define "just cause". Therefore, because due process is an integral part of just cause, the arbitrator property considered Rogers' due process claims.

Beachwood offered no expert testimony or evidence of a violation of the *Graham* standard. *Graham v. Connor*, 490 U.S. 386 (1989). Beachwood relied solely on the BCI report, which does not note a violation. On the other hand, the FOP offered both testimonial and documentary evidence to show a violation of the *Graham* standard. The Grand Jury no billed Officer Rogers based on the *Graham* standard. The Attorney General's Office

12

declined prosecution based on the *Graham* standard.

No bias or prejudice exists here as the same evidentiary standard was applied to both parties. Beachwood attempted to introduce witness statements, the FOP objected because the witnesses were not present for cross-examination and the statements were contradictory, incomplete, and factually inaccurate, as noted by the arbitrator. The arbitrator correctly sustained the objection. The FOP introduced a letter from the Attorney General's Office to the City issued in response to the City requesting that the Attorney General pursue criminal charges against Officer Rogers. The letter stated that after reviewing the BCI investigation, the AG's Office decided misdemeanor charges against Officer Rogers were not warranted. This was not a witness statement. In addition, Beachwood did not object to its introduction when entered into evidence.

The FOP did introduce portions of the BCI investigatory report that Beachwood did not introduce. These portions of the report were not a witness statement; rather, they were part of the very investigation that Beachwood relied upon to justify the termination. Beachwood has repeatedly stated that they relied solely on the BCI investigation as the basis for the termination. Beachwood introduced portions of the BCI Investigatory Report, in their case in chief, before the FOP introduced anything. The FOP supplemented the record with additional portions of the BCI investigatory report that Beachwood did not introduce in their presentation of their case. The FOP introduced those portions into the record and into evidence, without objection by the City. In fact, Beachwood agreed that the FOP could complete the record with those portions of the BCI report that the FOP felt were relevant. There was no bias, prejudice, or different evidentiary standard applied between the parties.

13

There are several public policy arguments relevant herein. First, public policy prevents the reinstatement of dishonest police officers. The only investigation into this matter was conducted by BCI, Beachwood admitted that they never conducted any independent investigation into this matter. The BCI investigation found no dishonesty by Officer Rogers in this matter. In addition, the arbitrator found no dishonesty.

The second public policy argument is that public policy prevents the reinstatement of police officers who use excessive, unjustified force. No court has found that Officer Rogers committed any unlawful acts or crimes in this matter. Of course, no public policy exists to allow a violation of a police officer's due process rights.

The Ohio Supreme Court has repeatedly stated that only the narrow grounds listed in O.R.C. § 2711.10 & 2711.11 may serve as a basis to vacate an arbitration award. *Miami Twp. Bd. of Trustees v. Fraternal Order of Police, Ohio Labor Council, Inc.* (1998), 81 Ohio St.3d 269; *Lake Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professional Assn, for the Teaching of the Mentally Retarded (1994)*, 71 Ohio St.3d 15, 641 N.E.2d 180. Beachwood does not deny the status of arbitration. Beachwood argues that public policy can serve as an additional basis to vacate an arbitration award. The Ohio Courts have generally refused to expand O.R.C. § 2711.10 to include public policy. *University Mednet v. Blue Cross & Blue Shield of Ohio*, 126 Ohio App.3d 219, 710 N.E.2d 279 (8th Dist. Ct. App. 11-13-1997). The Courts have further held that an arbitration award can only be vacated on the grounds listed in O.R.C. Chapter 2711. *Lockhart v. American Res. Ins. Co. (1981)*, 2 Ohio App.3d 99,101. The original arbitration proceedings are not reviewable. *Warren Education Assn. v. Warren City Bd. Of Edn.* (1985), 18 Ohio St.3d 170. Beachwood has not established that this award is defective under O.R.C. Chapter 2711.

14

*Gerl Construction Co. v. Medina County Board of Commissioners*, 24 Ohio App.3d 59 (1985). § 2711.10 does not authorize a reviewing court to vacate an arbitration award based upon an alleged public policy violation. *City of Alliance v. Fraternal Order of Police, Ohio Labor Council, Inc.* 2003 Ohio 223, 2003 Ohio App. LEXIS 195 (5th Dist. Ct. App. 1-13-2003). The record lacks evidence that reinstatement of Rogers for a justified use of force violates public policy.

The Plaintiff has refused to comply with the arbitration award by refusing to reinstate Rogers and refusing to pay Rogers the appropriate pay due and owing him as of the date of the arbitration award and thereafter. Defendant maintains that this Court should order the Plaintiff to pay interest on the money owed that the Plaintiff has refused to pay to Officer Rogers. Revised Code § 1343.03 provides for interest in cases when the money becomes payable upon an instrument of writing, upon any settlement between the parties or for the payment of money arising out of a contract.

The Court of Appeals of Erie County has held that Revised Code § 1343.03 permits statutory interest to be awarded on an arbitration award from the date of the award. *Erie County Sheriff v. Fraternal Order of Police, Ohio Labor Council, Inc.* (Erie Cty. Ct. of Ap., No. E-92- 28, 5/28/93) (Unreported) (Attached as Exhibit Cf, *Erie County Sheriff v. Fraternal Order of Police, Ohio Labor Council, Inc.,* (Erie Cty. Ct. of App., No. E-92-37, 7/9/93) (Unreported) (Attached as Exhibit D). *See also Marra Constructors, Inc., v. Cleveland Metroparks System*, 82 Ohio App.3d 557 (1993); *Hellmuth, Obata & Kassabaum v. Ratner*, 21 Ohio App.3d 104 (1984); *Tansel v. Auto-Owners Mutual Insurance Company*, (Lucas Cty. Ct. of Pp., No. L-91-245, 6/12/92) (Unreported) (Attached as Exhibit E); and *McNutt v. Progressive Casualty Insurance Co.,* (Cuyahoga

15

Cty. Ct. of App.. No. 57914, 1/24/91) (Unreported) (Attached as Exhibit F); *State v. Fraternal Order of Police of Ohio, Inc.*, 89 N.E.3d 103, 2017 Ohio 1382 (Ohio Ct. App. 2017). (Attached as Exhibit F); *Ohio Dept, of Adm. Servs., v. Fraternal Order of Police of Ohio, Inc.*, 2017-Ohio-1382 (Apr. 13, 2017) (Attached as Exhibit G). This court finds these cases persuasive. Justice requires this remedy based on Beachwood's actions and the lack of due process provided during the arbitration process.

## III. Conclusion

Based on the foregoing this court finds that the Arbitrator decided the issue placed before him, evaluated the evidence and credibility of the witnesses and in so doing did not exceed his authority pursuant to Revised Code §2711.10(D). The court orders the following:

1) Plaintiffs Motion to Vacate the Arbitration Award is denied;

2) Arbitrator Beebe's Opinion and Award is confirmed in its entirety in accordance with Revised Code §2711.09 and judgment is hereby entered thereon;

3) Plaintiff is ordered to immediately offer reinstatement to Blake Rogers in accordance with the Arbitration Award;

4) Plaintiff is ordered to compensate Blake Rogers with back pay and benefits retroactive to February 22, 2021 in accordance with the Arbitration Award, plus interest pursuant to Revised Code §1343.03 at the statutory rate;

5) Plaintiff is required to pay all costs assessed as a result of this action.

16

IT IS SO ORDERED.


FINAL.


_____    2/23/23
Judge Peter J. Corrigan


17