Exhibit 3

INTRODUCED BY: A. Isaacson ORDINANCE NO. 2023-75

AN ORDINANCE AUTHORIZING THE MAYOR TO ENTER INTO A SETTLEMENT AGREEMENT AND RELEASE WITH THE FRATERNAL ORDER OF POLICE AND BLAKE ROGERS SETTLING CLAIMS AS DESCRIBED IN THE SETTLEMENT AGREEMENT; AND DECLARING THIS TO BE AN URGENT MEASURE

WHEREAS, the City of Beachwood, Fraternal Order of Police, and Blake Rogers have agreed to settle claims as described in the Settlement Agreement in an amount not to exceed Two Hundred Thirty Thousand Dollars and No/Cents ($230,000.00).

NOW, THEREFORE, BE IT ORDAINED, by the Council of the City of Beachwood, County of Cuyahoga, and State of Ohio that:

Section 1: The Mayor is hereby authorized to make a payment to the Fraternal Order of Police and Blake Rogers in an amount not to exceed Two Hundred Thirty Thousand Dollars and No/Cents ($230,000.00), in full and final settlement of claims as described in the Settlement Agreement. Said Settlement Agreement and Release shall be in a form substantially similar to the form attached hereto as Exhibit A and as approved by the Law Director.

Section 2: It is found and determined that all formal actions and deliberations of Council and its committees relating to the passage of this legislation that resulted in formal action were in meetings open to the public where required by Chapter 105 of the Codified Ordinances of the City.

Section 3: This Ordinance is declared to be an urgent measure immediately necessary for the public peace, health or safety, or the efficient operation of the City; and for the further reason of the immediate necessity of the settlement of this matter; wherefore, this Ordinance shall be in full force and effect immediately upon its passage and approval by the Mayor.

WHEREFORE, this Ordinance shall be in full force and effect from and after the earliest date permitted by law.

Attest: I hereby certify this legislation was duly adopted on the 18th day of July, 2023, and presented to the Mayor for approval or rejection in accordance with Article III, Section 8 of the Charter on the 18th day of July, 2023.

*Whitney M. Crook*
Clerk

Approval: I have approved this legislation this 18th day of July, 2023 and filed it with the Clerk.

Mayor

## RELEASE AND SETTLEMENT AGREEMENT
(hereinafter, the "Agreement")

For good and valuable consideration, and to resolve and settle finally, fully and completely all Blake Rogers-related Collective Bargaining Agreement claims and grievances, the Parties enter into this Agreement. The Parties are: (a) The City of Beachwood, Ohio ("the City") and (b) the Fraternal Order of Police (Beachwood Lodge 86) and the Fraternal Order of Police, Ohio Labor Council, Inc., which services the Collective Bargaining Agreement on behalf of Beachwood Lodge 86 ("the Union").

Blake Rogers ("Rogers"), while not a party, is a member of the Union and is the grievant in this matter and is represented by the Union concerning his rights and benefits under the Collective Bargaining Agreement. Neither party, composing the Union, represents Rogers for matters outside the Collective Bargaining Agreement, and any such unrepresented matters are not addressed herein. While Rogers is not a party, he nevertheless does not object to the Settlement Agreement that was negotiated by the Union on his behalf. The Agreement's Effective Date is the latter of (a) the date the last of the Parties signs the Agreement; or (b) the date the Agreement is approved by the Beachwood's City Council.

1. **Release of Claims by Claimants**. For and in consideration of (a) Rogers' reinstatement, effective July 3, 2023; (b) the City's gross payment of $230,000.00, before lawful withholdings and deductions, as compensation for any and all backpay and benefits that may be owed to Rogers by the City; (c) the City's payment of its portion of OP&F (Ohio Police & Fire Pension Fund) contributions on Rogers' backpay; (d) the Parties' agreement that 400 hours shall be deducted from Rogers' sick leave balance, so that Rogers will have sick leave balance of 741.87 hours as of July 3, 2023: and (e) the issuance of a Reinstatement Letter by the City for Rogers, which will be put in his employee file, the Union hereby releases, acquits, waives, and forever discharges the City from

any and all Rogers-related collective bargaining agreement claims and grievances through the Effective Date of reinstatement, whether asserted or unasserted, known and unknown – for which the Union represents Rogers under the Collective Bargaining Agreement.

Rogers' return to full-time duty is conditioned on (a) a determination by the City's medical and psychological designees that Rogers is both physically and psychologically fit-for-duty; and (b) Rogers' Ohio Peace Officer Training Academy (OPOTA) recertification. From July 3, 2023 until Rogers is deemed fit-for-duty and OPOTA recertified, he shall return to City employment. But until he is deemed fit-for-duty and OPOTA recertified, Rogers cannot perform any duties he is legally-prohibited from performing or legally unauthorized to perform, including that Rogers may not carry a gun or exercise arrest powers while working. The City will complete the necessary paperwork (e.g., SF 400) to remove Rogers' termination and reflect he has no break in service.

As part of the fitness-for-duty evaluation, Rogers will not be held to any physical or psychological standard beyond what is currently and historically required of an active-duty Beachwood officer. Should Rogers be deemed unfit by the City's medical and/or psychological designee[s], the Union may appoint/select a medical and/or psychological designee to conduct a second examination. If the two (2) reports disagree, The City's and the Union's designee[s] shall jointly select a neutral third designee whose determination of fitness-for-duty shall be binding on both parties. Rogers shall be placed on administrative leave until the final determination on his fitness-for-duty has been made.

The Reinstatement Letter will state: "In compliance with the Arbitration Award, Officer Rogers is being reinstated in good standing as if he had not been terminated because the Arbitrator did not make a finding Rogers' shooting was racially motivated and did not find that Officer Rogers was dishonest about the shooting."

2. **Dismissal of Appeal and Satisfaction of Judgment**: The Parties agree that the compensation paid to Rogers shall constitute full and complete satisfaction of the judgment that was entered in the Cuyahoga County Court of Common Pleas in Case No. CV-21-957347, that confirmed the Arbitrator's Award. Within 14 days of the Effective Date, the City will (a) dismiss its pending appeal in *City of Beachwood v. FOP (Beachwood Lodge 86),* Cuyahoga County Court of Appeals Case CA-23-112532; and (b) provide the compensation in Section 1. Moreover, the Union shall file a Notice of Satisfaction of the Judgment with the Court of Common Pleas.

3. **No Admission of Liability**. The Parties understand and agree that this Agreement shall not constitute or be construed as an admission of any liability whatsoever by any of the Parties hereto, and the Parties acknowledge that this Agreement constitutes a compromise of disputed claims, which are expressly contested, disputed and denied. By entering into this Agreement, the Parties acknowledge that they merely wish to avoid time-consuming and costly litigation.

4. **Attorneys' Fees and Costs**. All Parties agree that each Party is responsible for its own attorneys' fees and costs incurred before or in connection with the subject matter of this Agreement.

5. **Capacity**. The Parties represent and warrant that they have the right, power, legal capacity, and authority to enter into and perform the obligations under this Agreement on their own behalf, and that no further approval or consent of any person or entity is necessary for them to enter into and perform the obligations hereunder, except that the City cannot sign until the Agreement has been approved by the Beachwood City Council.

6. **Cooperation**. The Parties represent and warrant that (except for City Council approval, which cannot be guaranteed), they shall do all acts and execute and deliver all documents necessary, convenient or desirable to affect all provisions of this Agreement in a timely and expeditious manner.

7. **Severance**. If any provision of this Agreement is determined by a court of competent jurisdiction to be illegal or unenforceable, such provisions shall be deemed to be severed and deleted from this Agreement, and its severance or deletion shall not affect the validity of the remaining provisions of this Agreement. However, before striking any term, condition, clause or provision, the Court shall attempt to reform ("blue-pencil") it, if possible, to make it enforceable to the maximum extent permitted by law.

8. **Construction**. This Agreement or any portion thereof shall not be construed against any party or its representatives. Instead, the Agreement shall be interpreted neutrally, as a reflection of it being jointly drafted.

9. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.

10. **Terms are Contractual**. The terms of this Agreement are contractual and not a mere recital.

11. **Integration Clause**. This Agreement constitutes a single integrated written contract expressing the complete understanding and entire agreement of the Parties. This Agreement supersedes any and all prior and contemporaneous oral and written agreements, promises, discussions, or inducements, no matter what form, concerning its subject matter. No promises or agreements not contained herein, or which were made subsequent to the execution of this Agreement, shall be binding unless reduced to writing and signed by the Parties referenced herein.

ACCEPTED AND AGREED to as of the Effective Date of this Agreement:

The City of Beachwood, Ohio

By: _____
    [insert printed name and role]

Date: _____

Fraternal Order of Police, Ohio Labor Council, Inc.

By: _*(signature)*_____
    [insert printed name and role] Douglas J. Behringer

Date: 7/13/23

Fraternal Order of Police (Beachwood Lodge 86)

By: _*Maxwell Zugay* #81_____
    [insert printed name and role]
    MAXWELL ZUGAY
    FOP PRESIDENT
Date: July 14TH, 2023  BEACHWOOD LODGE # 86

Blake Rogers (Signed for Purposes of Showing No Objection to the Settlement Agreement)

_Blake G Rogers Badge #76_

Date: July 14th, 2023

Approved as to form:

_____
Stewart Hastings, Director of Law
Nathalie E. Supler, Assistant Law Director
Matthew A. Kurz, Assistant Law Director
25325 Fairmount Boulevard
Beachwood, Ohio 44122
216-595-5462
Date:_____

CERTIFICATE OF THE DIRECTOR OF FINANCE

To the Mayor/Director of Public Safety:

I hereby certify that the amount required to meet the City's obligations under this contract has been lawfully appropriated and is in the treasury or in the process of collection to the credit of an appropriate fund free from any previous encumbrance.

_____
Larry Heiser
Director of Finance
Date: _____