UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rogers et al | ) | CASE NO.   1:20cv2568 |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| Horwitz et al | ) | |
| | ) | **ORDER SETTING MEDIATION** |
| | ) | **CONFERENCE** |
| Defendant. | ) | |
| | ) | |

A mediation conference will be held in the above-captioned case on November 22, 2023 at 10:00AM, in Chambers 9b, Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland, Ohio, before the Honorable Jennifer Dowdell Armstrong, United States Magistrate Judge. All parties and their lead counsel are ORDERED TO APPEAR at that time.

### MEDIATION CONFERENCE PREPARATION

Over 95% of civil cases settle prior to trial. Therefore, settlement preparation should be treated as seriously as trial preparation. Planning is essential because the party who is best prepared generally obtains the best result. The court has found the following steps are essential to a successful mediation conference.

**A.    FORMAT**

1. **ATTENDANCE OF ALL PARTIES REQUIRED. Parties with ultimate settlement authority must be personally present. Ultimate settlement authority means the authority to settle up to the full amount of the other sides' demand**. The conference shall be attended by all named individuals, as well as by an authorized representative of any named corporate, governmental, or other entity, together with trial counsel for each party. When the mediation decision will be made in whole or in part by an insurer, the insurer shall send a representative in person with full and complete authority to bind the company up to the value of

the plaintiff's claim and/or defendant's claim. A governmental entity shall send a representative authorized to act on its behalf, and to bind the governmental entity up to the value of the plaintiff's claim and/or defendant's claim. A corporate entity shall send a representative with full and complete authority to bind the company up to the value of the plaintiff's claim and/or defendant's claim.

If a party's authority is determined in advance of the mediation conference by a committee, board, or similar body, counsel shall notify the Court and opposing counsel no later than seven (7) days prior to the mediation conference. Moreover, the Court is mindful that, under certain very limited circumstances, an individual with full mediation authority up to the full amount of the demand may not be available to attend the conference. If such a situation arises, the party must file a written motion to excuse the presence of such a person no less than five (5) business days prior to the mediation conference. Parties with full mediation authority are expected to attend and will not be excused routinely.

In the confidential statement referenced below, counsel shall identify the client representative(s) that will be attending and certify that the attending representative has full mediation authority up to the amount of the plaintiff's claim and/or defendant's claim. **If a party fails to produce the appropriate person(s) at the conference (i.e., a representative(s) with full mediation authority), and the Court makes the determination that such failure negatively impacted the effectiveness of the conference, the Court may, in its discretion, order an award of costs and attorney fees incurred by the other parties in connection with the conference and/or other sanctions against the noncomplying party and/or counsel.**

**The Court may also require the parties to return for a rescheduled mediation conference with the appropriate person(s) present.**

2. **CONFIDENTIAL MEDIATION STATEMENT. Each party shall submit a confidential mediation statement to the Magistrate Judge no later than seven days prior to the mediation conference.** The mediation statements shall not become a part of the file of the case, but shall be for the exclusive use of the Magistrate Judge in preparing for the mediation conference.

The mediation statements shall include the current status of any and all mediation negotiations, a summary of the parties' respective positions, and an outline of factual and damage allegations. If not already part of the Court file, copies of any critical documents, photographs, or other exhibits essential to the Court being able to grasp the party's settlement position and/or case evaluation shall be attached to the mediation statement. The mediation statement should contain enough information to be useful to Magistrate Judge Armstrong in analyzing the factual and legal issues in the case, but it shall not exceed 10 pages. The parties are encouraged to be candid in their statements.

The mediation statement shall not be filed with the clerk, but shall be emailed to the Magistrate Judge's Courtroom Deputy. The email address is Lauren_Kasulones@ohnd.uscourts.gov. Unless requested by all parties, copies of the mediation statement <u>shall not</u> be provided to the other parties in the case.

Counsel shall file a motion seeking leave of court in order to submit a mediation statement containing exhibits that are greater than fifty (50) pages in length. The motion shall demonstrate good cause to exceed fifty (50) pages. If leave is granted, counsel shall provide two (2) hard copies of the statement and exhibits to Chambers 9B (in addition to emailing them as set forth above) no later than seven days prior to the mediation conference. The exhibits shall be properly tabbed and formated.

-3-

3. **PRE-MEDIATION CONFERENCE DEMAND AND OFFER.** A mediation conference is more likely to be productive if, before the conference, the parties have had a written exchange of their mediation proposals.  Accordingly, by no later than 21days prior to the mediation conference, each counsel making affirmative claims for relief ("claimant's counsel") shall submit a written itemization of damages and mediation demand to opposing counsel with a brief explanation of why such a demand is appropriate. No later than 14 days prior to the mediation conference, opposing counsel shall submit a written response to claimant's counsel with a brief explanation of why such a counter-offer is appropriate.

On occasion, this process will lead directly to a settlement. If settlement is not achieved, claimant's counsel shall deliver by email, to Lauren_Kasulones@ohnd.uscourts.gov, copies of these demand letters and responses to Magistrate Judge Armstrong's chambers no later than seven days prior to the settlement conference. Do not file copies of these papers with the Clerk's Office.

4. **MEDIATION FORMAT.** The Court may use a format of opening presentations by each side followed by a joint discussion and private caucusing by the Court with each side. In some cases, however, the Court may initiate contact with counsel to begin discussions in advance of the mediation conference date. The Court expects both the

lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to reassess their previous positions and to find creative means for resolving the dispute.

5. **STATEMENTS INADMISSIBLE.** Statements made by any party during the mediation conference are not and shall not be used in discovery and will be inadmissible at trial. Parties are encouraged to be frank and open in their discussions. The Court expects the parties to address each other with courtesy and respect.

  **B.**  **ISSUES TO BE DISCUSSED AT MEDIATION CONFERENCE.**

   Parties should be prepared to discuss the following at the mediation conference:

    1.  What are your objectives in the litigation?

    2.  What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

    3.  Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

    4.  What are the points of agreement and disagreement between the parties? Factual? Legal?

    5.  What are the impediments to settlement?

    6.  What remedies are available through litigation or otherwise?

    7.  Are there possibilities for a creative resolution of the dispute?

    8.  Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful mediation discussion possible?

    9.  Are there outstanding liens? Do we need to include a representative of the lienholder?

    10.  What legal costs or case expenses will you incur to take the case through trial and appeal?

  **C.**  **INVOLVEMENT OF CLIENTS**

   For many clients, this will be the first time they have participated in a court-supervised mediation conference. Therefore, counsel shall provide their clients with a copy of this Standing Order and shall discuss with them the points contained herein prior to the mediation conference.

  **D.**  **REQUESTS TO RESCHEDULE CONFERENCE OR EXCUSE ATTENDANCE**

   Any requests to reschedule mediation proceedings and/or excuse the in-person attendance of a named party or party representative must be set forth in a written motion.  Such

motion must be filed no less than ten (days prior to the scheduled proceeding, absent extenuating circumstances. With regard to a motion to reschedule mediation proceedings, the moving party (or parties, if it is a joint motion) must confer with opposing counsel and propose no less than three (3) alternative dates that are agreeable to all participants. Any request not complying with the above provisions will be denied. The Court will not entertain telephone calls or emails requesting that settlement proceedings be rescheduled or that named parties/party representatives be excused.

      IT IS SO ORDERED.

Date:  10/31/2023             s/ *Jennifer Dowdell Armstrong*
                                                   JENNIFER DOWDELL ARMSTRONG
                                                   U.S. MAGISTRATE JUDGE